**BRYAN BROTHERS PACKING COMPANY,
Appellant,**

**v.**

**J. Thomas GARRARD et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 30, 1964.

As Modified on Denial of Rehearing
Feb. 12, 1965.

A. Shelby Winstead, Thomas A. Ballantine, Jr., McElwain, Dinning, Clarke & Winstead, Louisville, for appellant.

R. W. Keenon, Stoll, Keenon & Park, John L. Davis, Gladney Harville, Lexington, for appellees.

PALMORE, Judge.

This is a declaratory judgment suit attempting to fix ultimate liability for the satisfaction of certain tort claims. Real parties in interest on the appeal are the appellant, Bryan Brothers Packing Company (hereinafter called Bryan), and the appellee American Fidelity and Casualty Insurance Company (hereinafter called American). The appellee J. Thomas Garrard is a nominal party.

Garrard and Bryan are residents of Mississippi. Garrard leased certain trucks to Bryan, a meat packer. While driving one of the leased trucks back to Mississippi after having delivered a load of Bryan's products to Louisville, Bryan's employee Latham had an accident near Elizabethtown, Kentucky. This precipitated a lawsuit in Hardin County by three injured third parties against Latham, Bryan and Garrard. Garrard was let out by summary judgment because Latham, whose negligence was alleged to have caused the acci-

dent, was not his servant. Bryan's insurance carrier, United States Fidelity & Guaranty Company (hereinafter called USF&G), acting under protection of a non-waiver agreement, settled one of the claims for $50,000 and paid judgments totalling $21,021.28 on the other two. A cross-claim by Bryan against its servant Latham remains pending.

During the pendency of the tort action in Kentucky USF&G brought a declaratory judgment action against American in the U. S. District Court for the Northern District of Mississippi which resulted in a judgment that the omnibus clause of American's policy on Garrard covered Latham at the time of the accident, with the result that American was the primary insurer and USF&G only an excess insurer on the liabilities arising out of the accident. This judgment was affirmed in American Fidelity & Casualty Co. v. United States Fidelity & Guaranty Co. (CA5.), 305 F.2d 633 (1962).

Also during the pendency of the tort action to which we have referred, two other damage suits were filed in Hardin County against Bryan and Latham (but not Garrard). These claims were satisfied *by American* for a total of $1200, setting the stage for the instant litigation, in which American sought and has obtained in the Hardin Circuit Court a judgment declaring that Bryan must reimburse it and must also, as between American and Bryan, assume liability for the sums paid out by USF&G in satisfaction of the other claims. USF&G is not a party.

The basis for American's claim that Bryan must indemnify it against liability incurred through its omnibus clause for the negligence of Bryan's employee Latham is that the truck lease contract between American's insured, Garrard (the lessor), and Bryan (the lessee) provided in part as follows (emphasis added):

"3. The Lessee, while using such equipment, agrees and binds itself *to assume full and sole responsibility for all operations it conducts,* and the Les-

sor shall not be responsible, directly or indirectly, for any loss or damage to cargo, *property damage, personal injury, or other liability* resulting from such operations by Lessee; and it is specifically understood and agreed * * * that no cargo, public liability or property damage insurance shall be furnished by Lessor *or in any way inure to the benefit of Lessee* for any of Lessee's operations and use of said equipment."

The two substantive questions in the case are (1) whether the judgment in the federal proceeding in Mississippi is res judicata and, if not, (2) whether the lease contract between Garrard and Bryan affords to Garrard's insurer, American, a right to recover sums it has paid in order to satisfy liabilities for which Bryan had agreed to be solely responsible.

We have been treated to excellent discussions, both in the briefs and oral argument, of the authorities urged by respective counsel as bearing on these problems. None of the precedents discovered are sufficiently analogous, singly or in combination, to "kill every cat in the alley." Nevertheless, the resolution of this controversy does not call so much for the application of precedent as it does for plain and simple analysis in the light of fundamentals.

■ First to the point of res judicata. We need not consider whether the federal judgment is binding on the parties to this suit; it can be assumed that it is. But aside from the status and relationship of the parties inter sese and with respect to others, it is rudimentary that *the issue* on which res judicata is pleaded must have been embraced in the scope of the proceeding that has been adjudicated. Bryan contends that the issue in this case was within the matters litigated in the federal suit. Implicit in its argument is that if American did not in that proceeding assert its rights (if any) arising out of the lease contract, it could and should have done so and is thus impaled on the principle that "an adjudi-

cation is final and conclusive not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and of defense." Case v. Beauregard, 101 U.S. 688, 25 L.Ed. 1004 (1879), as cited in Freeman on Judgments, § 674 (Vol. 2, pp. 1421–1422).

USF&G and American were the only parties to the federal suit. USF&G's complaint alleged enough of the substance of the lease argument between Garrard and Bryan to show that Latham was driving the truck with the permission and consent of Garrard via the lease. The lease was not set forth in haec verba, nor was its paragraph 3, quoted above, referred to in any manner. The prayer of the complaint was that the court determine:

"(1) Which of the leased trucks was involved in the accident and whether the said truck was listed and described in the lease agreement between J. T. Garrard, the insured of defendant, and Bryan Brothers Packing Company, insured of the plaintiff;

"(2) Who was the primary insurer of the truck involved in the accident;

"(3) Who were excess and who were additional insurers;

"(4) Who is liable for the defense of the suit now pending in Kentucky against Jimmie Latham and Bryan Brothers Packing Company; and who is liable for the loss;

"(5) Who is liable for the defense and loss, if any, in the suit now pending in Kentucky against Jimmie Latham and Bryan Brothers Packing Company, and whether as primary, excess or additional insurers.

"And that the Court enter a Declaratory Judgment determining the rights and liabilities of the plaintiff and defendant under their policies."

The judgment of the federal court is not in this record. In lieu of it Bryan pleaded as an exhibit an order of that court which (a) overruled, among other things, a motion by American to assert a third party complaint (probably against Bryan) and (b) made final an interlocutory order (the judgment) theretofore entered "holding defendant to be the primary insurer of liability to the extent of its policy and plaintiff to be the excess insurer of the liability arising out of the accident in question. * * *"

It is clear that the federal court did not in fact entertain or attempt to adjudicate the issue that is now before this court, and that it could scarcely have done so without Bryan's being a party. Moreover, the issue in this case could not and would not have arisen unless and until the issue of primary liability between the insurance companies *with respect to the tort claimants* had been resolved.

■ The "general expression * * * that a judgment is conclusive of every matter which the parties might have litigated in the action, is misleading. What is really meant by this expression is, that a judgment is conclusive upon the issues *made or tendered* and, so far as *those issues* are concerned, of everything which might have been urged for or against them. It may be * * * that the defendant might have interposed counterclaims, cross-bills, and equitable defenses, or either of the parties may have acquired new rights pending the litigation, which might, by permission of the court, have been pleaded by supplemental complaint or answer, and therefore might have been litigated in the action. But as long as these several matters are not tendered as issues in the action, they are not affected by it * * * the plaintiff is under no obligation to tender issues not necessary to support his cause of action, nor is the defendant required to meet issues not tendered by plaintiff. * * *" (Emphasis

added.) Freeman on Judgments, § 675 (Vol. 2, pp. 1422–1424).

USF&G's federal court complaint certainly did not tender the issue that is now before us in this case, and even assuming that American attempted to tender it by way of a third party complaint against Bryan, it was not and has not been determined on the merits. No judgment can be available as an estoppel unless it is a judgment on the merits. Id., § 723 (Vol. 2, p. 1530); Blevins v. Johnson, Ky., 344 S.W.2d 375, 377 (1961).

If it were contended by American that whatever it may recover of Bryan because of the provisions in the lease agreement can in turn be recovered by Bryan from USF&G, it might be argued that the issue was subject to the compulsory counterclaim requirement of Fed.R.Civ.P. 13(a). However, that is not the case. American does not contend that the agreement between Garrard and Bryan affects USF&G's rights and liabilities under its insurance contract with Bryan. The liability American seeks to impose on Bryan results from a contract to which USF&G was not a party and by which it is not bound. It is not apparent that USF&G's policy protects Bryan against such a liability. Presumably it does not. How, then, in justice can it now be held that American was compelled in the federal action to assert that it does? In our opinion such a claim could not have been the subject of compulsory counterclaim under Fed. R.Civ.P. 13(a)

What we have said in the preceding paragraph suggests the answer to the argument that if the judgment in this case stands Bryan will recover from USF&G, then US F&G will recover from American under the federal court judgment, and we go perpetually round and around in a preposterous circle. The federal court judgment determined only that as between the two insurance companies the tort claims fell first upon American. The Hardin Circuit Court has now adjudged that Bryan must indemnify American. If in some other proceeding it be determined that USF&G's policy covers Bryan on that kind of a liability (an eventuality that is by no means obvious), the federal court judgment does not have the effect of passing it to American. American is liable to USF&G only because and to the extent that USF&G has paid tort claimants to whom American was primarily exposed. If USF&G pays Bryan it will have discharged a liability which has finally been determined to be Bryan's alone, and not American's. It will not have paid any debt owed by American, and the circus will be at an end.

Proceeding now to the merits on the question of whether American has a cause of action against Bryan because it has satisfied a liability that Bryan had agreed to assume, § 76 of the Restatement of the Law of Restitution states the following general rule:

"A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity by the other, unless the payor is barred by the wrongful nature of his conduct."

Acceding to this simple and wholesome precept, we find no difficulty in reaching the conclusion that Bryan is liable. USF&G's policy on Bryan does not enter into this phase of the matter. The situation between American and Bryan would be precisely the same if Bryan had carried no insurance at all. By paragraph 3 of the lease contract Bryan assumed "full and sole" responsibility for its operations and, as we construe the phraseology relating to insurance, agreed explicitly that no insurance carried by Garrard would inure to Bryan's benefit. It so happens that Garrard's insurance actually did inure to the benefit of Bryan. That which Bryan agreed would not occur did occur, and if American cannot avail itself of Bryan's agreement, that agreement is and was from the beginning of no more force, effect, use or pur-

pose than a locust shell on the bark of a tree.

Bryan contends, however, that American's policy on Garrard inured to the benefit of Latham, Bryan's driver, and not to Bryan itself. In the homely idiom of a colorful West Kentucky lawyer long gone but not forgotten, "that dog won't hunt." To begin with, the word "insured" as it was held to apply to Latham under the omnibus clause of American's policy expressly includes not only the driver but also "any person or organization legally responsible for the use thereof," which covers Latham's employer. Secondly, as Bryan was liable for Latham's negligence under the doctrine of respondeat superior, and actually was a party defendant in the tort actions, there can be no real doubt that settlement of the claims, by whomsoever other than Bryan they were paid, necessarily inured to Bryan's benefit.

Our conclusion with respect to American's rights against Bryan does not rest on the theory of third party beneficiary contract, but on the broad principles of restitution and unjust enrichment. "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." Restatement of the Law of Restitution, § 1. "A person is enriched if he has received a benefit * * *. A person is unjustly enriched if the retention of the benefit would be unjust." Id., Comment a.

Once the technical intricacies are viewed in proper focus it is easy to see where justice stands in this case.

For reasons we need not consider, the driver Latham was made a party defendant in this proceeding, and among the conclusions of law prefacing the judgment is this: "Bryan Brothers has no right to recover from Latham for any payments it makes to anyone in discharge of the contractual obligation assumed by it in the lease * * *." There is no pleading in the case to which such a conclusion is re-

sponsive, and Bryan complains of it. Apparently the question was argued in the trial court. But wherever it came from, and whether the conclusion is right or wrong, it redounds to the benefit of Latham and thus Latham would be an indispensable adversary party to any effort to undo it. It would be impossible to adjudicate Bryan's complaint in this respect without affecting Latham's rights, and he was not made a party to the appeal.

The judgment is affirmed.