**John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, etc., Appellant,**

**v.**

**Steve ALLEN et al., Appellees.**

Court of Appeals of Kentucky.

March 28, 1969.

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant.

John F. Stewart, Louisville, George Akin, Dept. of Highways, A. J. Sehlinger, III, J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellees.

PALMORE, Judge.

KRS 342.316(13) provides among other things that when workmen's compensation is payable for an occupational disease that has developed to the point of disability through an exposure of five years or more it shall be paid 60% by the employer and 40% by the Special Fund.

The appellee Allen has an occupational disease which became disabling through more than five years of exposure to gasoline while in the employment of the state highway department. He was awarded maximum compensation. The case is a sequel to Allen v. Com., Dept. of Highways, Ky., 425 S.W.2d 283 (1968).

The Special Fund was not a party to the proceeding before the Workmen's Compensation Board until so made by the final award, which included the following provision: "The Board, upon its own motion, hereby makes the Special Fund a party defendant." The Special Fund promptly filed a petition for reconsideration on the ground that it had been saddled with a liability without ever having had an opportunity to defend. The petition was overruled and the circuit court affirmed, whereupon the Special Fund appeals to this court, not so much to question or defeat Allen's claim but to clarify its rights under KRS 342.316 (13). The highway department, which did not appeal the action of the board, is an appellee here.

■ Under KRS 342.120(1), if it appears that a pre-existing disability or dormant non-disabling disease condition has contributed to the disability for which compensation is claimed, the Special Fund must be made a party "before the rendition of the final award." KRS 342.316(13)(b) provides as follows: "In all claims for compensation partially payable by the Special Fund the Commissioner of Labor, as custodian of said fund, shall be designated as co-defendant." The latter statute is not mentioned either in the brief for the Special Fund or in the brief for Allen. The highway department recognizes its existence but construes the word "designated" as meaning something other than being made a party to the proceedings. Perhaps we are a bit obtuse, but it seems to us that this provision of the statutes is the answer to the controversy. Being "designated as co-defendant" necessarily connotes that the purpose of the designation is to require or enable the designee to defend. If he were not expected to defend something there could be no reason for his being called a co-defendant.

■ In this instance the claimant's application for adjustment, filed on December 20, 1966, alleged that on September 26, 1966, he became affected by lead poisoning

which first manifested itself in 1960. KRS 342.316(13) was applicable on the face of these allegations, and the claim should have designated the Commissioner of Labor as a defendant.

In its appellee brief the highway department contends that the board did not properly apportion the award as between it and the Special Fund. This is a matter that may be presented to the board upon remand of the case.

The judgment is reversed with directions that the case be remanded to the Workmen's Compensation Board with directions that the award be set aside and the matter reopened for such further proceedings as may be necessary to provide the Special Fund a reasonable opportunity to defend.

All concur.