John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, etc., Appellants,

v.

JOHNSON COUNTY BOARD OF EDU-CATION et al., Appellees.

Court of Appeals of Kentucky.

March 31, 1972.

Gemma M. Harding, Louisville, for appellants.

W. A. Johnson, Paintsville, for appellees.

REED, Judge.

In this workmen's compensation case the single issue concerns whether the Special Fund should reimburse the employer for workmen's compensation benefit payments made by the employer prior to the time an apportionment for ultimate responsibility for payment between the Fund and the employer was made by the board. The board, in effect, denied the employer's claim for reimbursement and the circuit court reversed the board and directed that the reimbursement be effected. We agree with the circuit court.

Stripped of inconsequential details, the facts are these: Charles LeMaster, an employee of Johnson County Board of Education, claimed total and permanent disability by reason of a back injury sustained in the course of his employment. The employer and the claimant stipulated and agreed that the claimant was totally and permanently disabled by reason of a work-connected accident, but left open the question of the proper apportionment of the ultimate responsibility for the payment of the agreed award as between the Special Fund and the employer's insurance carrier. The Fund was not a party to the stipulation and agreement and was not a party to the proceeding at the time it was made and filed.

Thereafter, the Fund was made a party defendant and a physician was appointed by the board, pursuant to KRS 342.121, for the purpose of determining the extent of disability and a proper apportionment of liability for the payment of benefits therefor. This physician reported that the employee was totally and permanently disabled and assessed the responsibility for 90 percent of the disability upon the Fund and 10 percent upon the employer. The board entered a final award in which the conclu-

sions of the board-appointed physician were adopted.

Subsequent to the entry of this final award, a dispute arose when the Fund refused to reimburse the employer for the sum of $3,825.38. This amount represented workmen's compensation benefits paid by the employer or its insurance carrier in the form of periodic payments to the injured employee in excess of the liability apportioned against the employer in the board's final award. In reply to the motions of the employer and the Fund to "clarify" the final award, the board entered a subsequent order of "clarification" in which it directed that the $3,825.38 be considered "as temporary total disability" and further declared that the final award be credited for that amount as temporary total disability. Finally, the board concluded that the Fund should take credit for this amount in determining its ultimate responsibility for payment of benefits.

The employer appealed to the circuit court where the board's order was reversed. The circuit court adjudged that the board enter an order directing the Fund to reimburse the employer or its insurance carrier for the $3,825.38.

All medical evidence conclusively demonstrates that the employee's disability was total and permanent from the time it was incurred. There is no basis whatever for the board's conclusion that the injured employee was ever "temporarily" disabled. The board, nevertheless, ordered that the employer's benefit payments be considered as "temporary total disability." We find no statutory authorization for such conclusion.

The Fund appears to rely upon KRS 342.095(1). That section, however, merely recites that if a period of total disability begins after a period of partial disability, the period of partial disability shall be deducted from the total period of 425 weeks during which compensation for total disability may be payable. This record is

**640**

completely devoid of any suggestion that a period of total disability began after a period of partial disability.

The Fund then appears to regard KRS 342.110(3) as conclusive of the correctness of its argument. The only difficulty with this position is that KRS 342.110 in its entirety and including subsection (3) thereof, applies only to cases of permanent partial disability. No one even hints that this case is anything other than an instance of total and permanent disability.

Finally, the board refers to KRS 342.120, but that statute, in subsection (3) thereof, plainly limits the employer's liability to the degree of disability which would have resulted from the last injury alone. Subsection (4) of the same statute specifically provides that the remaining compensation shall be paid out of the Special Fund. In order to be technically correct, it should be noted that, in the instance with which we are dealing, the statute specifically requires payment of the entire award to the employee by the insured employer's insurance carrier, or by the self-insured employer, but then requires that the carrier or self-insured employer be reimbursed by the Fund on a quarterly basis and under such regulations as the board provides for such purposes.

It therefore seems very clear that the employer's insurance carrier is entitled to the reimbursement sought in this case. The Special Fund does not argue that the award should be reformed to provide for total payment of the award by the employer's insurance carrier with reimbursement to it by the Fund for the Fund's adjudicated share of responsibility. Hence, since the only objection the Fund has is to the particular reimbursement in question, we will not disturb the manner of payment directed by the board though it is statutorily inaccurate.

The judgment is affirmed.

All concur.