**James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,**

**v.**

**Earl MILISH et al., Appellees.**

Court of Appeals of Kentucky.

June 1, 1973.

existing disease condition brought into disabling reality by the injury, and 20 percent caused by the traumatic injury. The award was "open end" and directed proportional payments of 80 percent by the Special Fund and 20 percent by the employer, C. W. Transport, Inc. No appeal was taken from this award.

Three months later, the Board discovered that the Special Fund had never been made a defendant and was never served with a copy of the opinion and award.

Thereupon the Board set about to remedy the situation. On its own motion, the Board set aside the opinion and award, made the Special Fund a party, appointed a physician pursuant to KRS 342.121, and later entered an opinion and "open-end" award finding Milish totally and permanently disabled due entirely to the traumatic injury and assessing all liability against C. W. Transport. The employer appealed to Jefferson Circuit Court. The circuit court concluded that the first award was final, that the Board had no authority to set it aside, and entered judgment setting aside the second award and reinstating the first award. The Special Fund appeals.

Gemma M. Harding, Dept. of Labor, Louisville, Robert D. Hawkins, Chief Counsel, Dept. of Labor, Frankfort, for appellant.

Joseph V. Mobley, Jr., Louisville, for appellee Earl Milish.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellee C. W. Transport, Inc., and Argonaut Ins. Co.

STEPHENSON, Justice.

Milish filed claim with the Workmen's Compensation Board alleging a low-back injury in the course of his employment. The Board concluded in its opinion and award that Milish was 100 percent disabled, that 80 percent of the disability resulted from "conversion reaction," a pre-

C. W. Transport argues that the Board did not have authority to set aside its first award. We agree. The Board's ostensible authority is KRS 342.125(1), which authorizes revocation of a previous order or award upon a showing of change of condition, mistake, or fraud. However, "mistake" within the meaning of the statute precludes the Board from retrying the case as was done here. The case was tried on its merits, an award was entered, and there was no appeal. This case was concluded insofar as leaving the Board any authority to set aside its award and bring in the Special Fund. Darnall v. Ziffrin Truck Lines, Ky., 484 S.W.2d 868 (1972).

We next look to the position of the Special Fund with the first award reinstated. The Special Fund could have been made a party on motion of either the em-

ployee or the employer or by the Board on its own motion. This was not done. The Special Fund was not a party and had no opportunity to defend. The assessment of liability against the Special Fund is a nullity. Young v. Allen, Ky., 439 S.W.2d 81 (1969).

This brings us to the crux of the case. C. W. Transport argues that the first award imposed upon it only 20 percent of the liability and that Milish is bound by this decision since he did not appeal. This argument is untenable. Milish won his case; he received an award of 100 percent disability; there was no necessity for Milish to appeal. Although the Board's first award assessed 20 percent against C. W. Transport and 80 percent against the Special Fund, the legal effect of the award in a "subsequent injury" case is controlled by KRS 342.120(4). The primary liability as far as the employee is concerned is the employer's. Any award imposing liability upon the Special Fund actually imposes initial liability upon the employer, the latter's liability being directly to the employee, and the Special Fund's liability being simply to reimburse or indemnify the employer. Young v. Cutler-Hammer, Inc., Ky., 469 S.W.2d 358 (1971). Despite the language of the award apportioning liability between C. W. Transport and the Special Fund, the effect is to impose primary liability upon C. W. Transport. Having the Special Fund as a party defendant here would inure to the benefit of C. W. Transport, not Milish. Thus, the responsibility for ascertaining that the Special Fund was properly made a party defendant rested on C. W. Transport. Having failed to appeal the award, C. W. Transport must bear the entire liability for the award.

C. W. Transport's final argument is that the Board failed to take into account a prior award of 42.5 percent disability in favor of Milish. C. W. Transport stated in its brief that it considered an appeal on this point but decided against it since its

liability was only 20 percent. This puts C. W. Transport in an unenviable position as stated in its brief, but it was incumbent upon C. W. Transport to appeal or be foreclosed on the assigned error. We conclude that the Special Fund be absolved of any liability and that C. W. Transport be assessed liability upon the total award.

The judgment reinstating the first award is reversed insofar as any liability is imposed on the Special Fund and otherwise affirmed with direction to enter a judgment in conformity with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEPHENSON, and STEINFELD, JJ., sitting.

PALMORE, C. J., and MILLIKEN, REED, STEPHENSON and STEIN-FELD, JJ., concurring.

OSBORNE, J., dissenting.

OSBORNE, Justice (dissenting).

I agree with the majority opinion that the second proceeding by the Board is invalid, that the only problem before the court is a determination to be given to the effects of the first proceeding. I cannot say from the reading of the statutes involved that there was any greater obligation upon the part of the employer to see that the Special Fund was made a party defendant than there was upon the part of the employee or the Board itself. For this court to now say that an employer must compensate an employee to the extent of 80% total permanent disability, when this has never been properly adjudicated by the Board, seems to me to work an injustice which I can not countenance.

As this case has reached a procedural posture which makes it impossible for this court to arrive at a just result upon an appeal, I would remand the case to the Board for new proceedings.