James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

JORDAN AUTO PARTS COMPANY et al., Appellees.

Court of Appeals of Kentucky.

March 7, 1975.

Rehearing Denied May 9, 1975.

Gemma M. Harding, Louisville, Earl M. Cornett, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

William Kiel, Cooper, Kiel & Beale, Louisville, for appellees.

CATINNA, Commissioner.

In this workmen's compensation case, the sole issue is whether the Special Fund may be proceeded against by an employer after entry of a final award or order by the Board.

On December 14, 1972, Minos Henderson, an employee of Jordan Auto Parts, injured his back while loading a crankshaft into a truck. Medical reports prepared by Henderson's attending physician disclosed a 25% to 30% disability to the body as a whole but attributed a substantial portion of this disability to the arousal of a dormant pre-existing disease condition.

Jordan Auto Parts and its insurance carrier, Casualty Reciprocal Exchange, concluded that it would be to their best interest to settle the claim of Henderson. Relying upon medical reports that the arousal of a dormant pre-existing disease condition had contributed substantially to Henderson's disability, they demanded that the Special Fund share in the payment of any settlement effected. However, the Special Fund denied liability and refused to participate. On October 31, 1973, and before the filing of any claim with the Board, Jordan Auto Parts, Casualty Reciprocal Exchange and Henderson executed an "Agreement" settling all claims that Henderson might assert against Jordan by reason of the December 14, 1972, injury. The Special Fund was not a party to the "Agreement"; however, Henderson assigned to Jordan "all his rights under KRS 342.120 as against the Special Fund."

■ On November 5, 1973, the agreement was submitted to and approved by the Board, KRS 342.265, and the following order entered:

"It is ordered by the Board that the agreement, filed herein November 5, 1973, be and the same is hereby approved, plaintiff to recover compensation at the rate of $60.00 per week for 42 weeks temporary total disability, already paid, followed by payment for 358 weeks at the rate of $14.85 per week commuted and paid in a lump sum in the amount of $4,568.42, which represents payment for a 27½% permanent partial disability to the body as a whole." (Total $7,088.42)

When the Board approved this settlement, it became in effect a final award of the Board. KRS 342.265; cf. Heaston v. Berndsen-Jones, Inc., Ky., 438 S.W.2d 795 (1969).

After approval of the agreement, Jordan Auto Parts and Casualty Reciprocal Exchange filed with the Board (November 12, 1973) an "Application for Adjustment of Claim" against the "Special Fund of the State of Kentucky." Jordan and Casualty asserted that because Henderson's disability resulted from the arousal of a pre-existing latent disease condition, all sums paid by them to Henderson "in accordance with KRS 342.120 should be recovered by the plaintiff from the Special Fund," and they should be awarded the sum of $7,088 against the Special Fund as reimbursement. The Board sustained the Special Fund's motion to dismiss and entered the following order on January 7, 1974:

"It is ordered by the Board that the Special Fund's motion to dismiss, filed herein November 28, 1973, be and the same is hereby sustained and this case is now dismissed."

On appeal, the Fayette Circuit Court, Sixth Division, ruled that the approval of the settlement agreement placed the Board on notice that Jordan had specifically reserved the right to seek apportionment. Consequently, the Board was obligated to make the Special Fund a party and proceed to adjudicate the question of apportionment and reimbursement. The case was remanded and the Board directed to set aside its order of dismissal. KRS 342.270 and Young v. Johnson County Board of Education, Ky., 479 S.W.2d 638 (1972), were cited as authority for so holding.

■ Young v. Johnson County Board of Education, supra, and other cases cited in support of Jordan's theory all relate to proceedings in which the employee had filed an application for adjustment of claim. Henderson did not file an application but elected to settle his claim with his

employer and its insurance carrier. The subsequent filing of the agreement with the Board for its approval, as required by KRS 342.265, was not the filing of a claim as contemplated by KRS Chapter 342, and the Board was without authority to make the Special Fund a party to the KRS 342.-265 proceeding. This being the status of the Henderson claim, the cases cited are not dispositive of the issues before this court.

 There is no merit to Jordan's claim that KRS 342.270 authorizes the filing of an application by an employer against the Special Fund for an apportionment. This court is of the opinion that the provisions of the section are restricted to proceedings where the amount of compensation to be paid or received is in controversy. The amount of the compensation to be received by Henderson had already been determined by the agreement among Henderson, Jordan and Casualty; therefore, the filing of the written application authorized by KRS 342.270 was impermissible.

KRS 342.120(1) provides:

"A claimant may in the original application for benefits, or either party may by motion while the case is pending, accompanied by proper allegations, and the board shall upon its own motion at any time before the rendition of the final award, cause the special fund to be made a party to the proceedings * * *."

The application of Jordan and Casualty was filed after the agreement with Henderson had been approved and became in effect the final award of the Workmen's Compensation Board. KRS 342.265. Thus, at the time of the filing of the application, there was no case pending before the Board on behalf of Henderson. The Board had already rendered a final award. Therefore, Jordan and Casualty were without authority to make the Special Fund a party to the proceeding or to proceed against it in any manner.

The judgment is reversed with direction that a new judgment be entered affirming the order of the Workmen's Compensation Board.

All concur.