**AMERICAN STANDARD, INC.,**
**Appellant,**

v.

**Will STEPHEN, Jr., and James R. Yocom, Commissioner of Labor and Custodian of the Special Fund and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Jan. 6, 1978.

Discretionary Review Denied
May 16, 1978.

Irvin Abell, III, Brown, Todd & Heyburn, Charles S. Cassis, Louisville, for appellants.

Robert M. Lindsay, Segal, Isenberg, Sales, Stewart & Nutt, Cyril E. Shadowen, Dept. of Labor, Louisville, for appellees.

Before HOGGE, PARK and REYNOLDS, JJ.

HOGGE, Judge:

This is an appeal from a judgment of the Jefferson Circuit Court in a workmen's compensation case wherein, the circuit court affirmed an award of total disability to the claimant but declared that portion of the order of the board a nullity, which apportioned the award of fifty percent to the employer and fifty percent to the Special Fund. The court held that the Special Fund was not properly joined as a party and could therefore not be held liable.

The claimant, Will Stephen Jr., was disabled as a result of a work related injury suffered on May 29, 1973, while employed by the appellant, American Standard Inc. Thereafter, on March 18, 1974, claimant entered into an agreement with the appellant and the claim was settled for twenty-eight weeks of temporary total disability benefits. The Special Fund was not a party to this agreement. This agreement was approved by the board.

On December 2, 1974, Stephens filed a motion to reopen his claim. This motion was overruled by the board on December 16, 1974. He filed a second motion to reopen his claim on January 3, 1975, which motion was sustained by the board on March 3, 1975. Subsequently, appellant filed two motions to join the Special Fund as a party, copies of which were served on the Special Fund. The board overruled the first of such motions on January 12, 1976, but sustained the second motion on March 22, 1976.

After the motion to reopen was sustained, considerable medical proof was taken, some of which was to the effect that the claimant had a pre-existing emotional condition that was brought into a disabling reality by the injury. The board appointed doctor reported similarly. The Special Fund was furnished a copy of this report. The Fund filed its brief prior to the award on the reopening.

In its opinion and award of August 16, 1976, the board found as follows:

(a) Claimant suffered no active occupational disability prior to May 29, 1973.

(b) Solely as a result of the work-related injury of May 29, 1973, claimant is occupationally disabled to the extent of 50%.

(c) Prior to May 29, 1973, claimant had a dormant non-disabling disease or condition which was aroused into disabling reality to the extent of 50% occupational disability.

The Special Fund then appealed this award to the Jefferson Circuit Court. That court affirmed the total disability award, but held that since the Fund was not made a party to the original action and had no opportunity to defend itself, the award against the Special Fund was nullified. The entire award was thus assessed against the appellant.

■ The sole question raised on this appeal is whether or not the circuit court erred when it held the order of the board, as to apportionment of the award, to be a nullity for the reason the Special Fund was not properly joined as a party defendant.

The Special Fund says this holding of the circuit court is correct because KRS 342.265 is controlling, which provides that when the compensation agreement was finalized by board approval, the award was then final; pursuant to KRS 342.120, the Fund could then no longer be made a party to that award or any future proceedings based on the same injury; and, KRS 342.125 is not controlling on the issue of apportionment but is governed by KRS 342.120, and if its requirements are not met the board is precluded from making the Fund a party.

Because of factual and procedural differences in the cases cited and the instant case, we do not find that the two cases cited by appellee, *Yocom v. Jordan Auto Parts*, Ky., 521 S.W.2d 519 (1975) and *Yocom v. Milish*, Ky., 497 S.W.2d 702 (1973) support this position.

In *Yocom v. Jordan Auto Parts, supra*, the employer had filed an "Application for Adjustment of Claim" against the Special Fund seeking reimbursement for an award of disability benefits it had agreed to pay the employee. This agreement had become a final award by approval of the board. KRS 342.265. The board and the appellate court correctly held that there was no case pending before the board on behalf of the employee; therefore, the employer was without authority to make the Special Fund a party. Here, there was a case pending before the board on behalf of the injured employee.

In *Yocom v. Milish, supra*, the board had made an award of one hundred percent (100%) disability, eighty percent (80%) against the Special Fund and twenty percent (20%) against the employer. Three months later the board discovered that the Special Fund had never been made a party, and on its own motion set aside the opinion and award on the grounds of mistake. The board then made the Special Fund a party, appointed a physician, and proceeded to relitigate the case, and made another award assessing all liability against the employer. The court held in this case that "mistake" within the meaning of the statute precluded the board from retrying the case. There was nothing relative to this claim pending before the board at the time of the order making the Special Fund a party. Here, the amount of disability and award was pending before the board as the case had been reopened.

In *Milish, supra*, the case had been tried on its merits, an award had been entered, and there had been no appeal; therefore, the board had no authority to set aside its award and bring in the Special Fund. *Yo-*

*com v. Milish, supra,* was not a case involving KRS 342.125(2), but instead was a case involving an award made on a litigated record.

When considered together and separately as well, we find the statutes involved here, KRS 342.120 and KRS 342.125, are dispositive of the issues in this case. These statutes provide as follows:

KRS 342.120

(1) A claimant may in the original application for benefits, or either party may by motion while the case is pending, accompanied by proper allegations, and the board shall upon its own motion at any time before the rendition of the final award, cause the special fund to be made a party to the proceeding if either or both of the following appears: (a) The employe is disabled, whether from a compensable injury, occupational disease, pre-existing disease, or otherwise, and has received a subsequent compensable injury by accident, or has developed an occupational disease; (b) The employe is found to have a dormant non-disabling disease or condition which was aroused or brought into disabling reality by reason of a subsequent compensable injury by accident or an occupational disease.

KRS 342.125

(1) Upon its own motion or upon the application of any party interested and showing of change of conditions, mistake or fraud or newly discovered evidence, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this chapter, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder. However, the employer shall not suspend the payment of benefits during the pendency of any reopening procedures.

(2) Where an agreement has become an award by approval of the board, and a review of such an award is initiated, no statement contained in the agreement, whether as to jurisdiction, liability of the employer, nature and extent of disability, or as to any other matter, shall be considered by the board as an admission against the interests of any party. *The parties may raise any issue upon review of this type of award which could have been considered upon an original application for benefits.* [Emphasis ours.]

Clearly, the claimant met the requirement of KRS 342.125 in getting his case reopened for review. This question is not raised on this appeal. Section (2) of KRS 342.125 is applicable here, and it provides when a review of an award such as here is initiated, no statement in the agreement may be considered by the board as an admission against interest and that, "the parties may raise any issue upon review of this type of award which could have been considered upon an original application for benefits."

■ We take this section of the statute to mean just what it says: "parties may raise *any* issue upon review of this type of award which could have been considered upon an original application . . ." KRS 342.120 provides that the Special Fund may be made a party in the original application or by motion of any of the parties or the board itself prior to the final award.

■ Certainly, making the Special Fund a party and considering apportionment of an award is an issue that can be raised or considered upon an original application for benefits. If it is, and by statute it is, then that issue can be considered in a proceeding such as we have in the case before us; KRS 342.125 so provides.

■ True, KRS 342.265, made the settlement agreement herein a final award when it was approved by the board. Final award as used herein means it is an enforceable award of the board. It does not forever

preclude all other actions that may be taken in connection with that award, such as review or reopening pursuant to KRS 342.125.

Prior to entering into the agreement, the employee had no opportunity to make the Special Fund a party, as the agreement and award were for temporary-total disability. Once the employee discovered the true nature and extent of his disability, he sought to make the Special Fund a party at his first opportunity to do so.

Here, the Special Fund was served copies of a motion to make it a party; it was furnished copies of medical reports; it filed a brief before the board; and, it had an opportunity to defend itself and did so to some degree.

Under these circumstances, where there was no evidence that either party withheld any information from the other nor had any information other than that which appears of record, we find that the board correctly reopened the award, made the Special Fund a party, and apportioned the award.

That portion of the judgment of the circuit court affirming the total disability award is affirmed; that portion of the judgment declaring the order of the board joining the Special Fund as a party to be a nullity is in error and is reversed, with directions to the trial court to amend its judgment in accordance with this opinion by reinstating the apportioned award of the board.

All concur.