John Calhoun WELLS, Secretary Labor Cabinet (Special Fund), Appellant,

v.

David A. BAKER, Phelps Dodge Magnet Wire Co. & Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Feb. 21, 1986.

Case Ordered Published May 16, 1986.

Discretionary Review Denied by Supreme Court Aug. 26, 1986.

David R. Allen, Louisville, for appellant.

Thomas Osborne, Paducah, Peter Glauber, Louisville, for appellees.

Before CLAYTON, DUNN and McDONALD, JJ.

CLAYTON, Judge.

This is a Workers' Compensation appeal in which we are asked to determine whether the Board, pursuant to a motion to reopen, can properly order the Special Fund to reimburse an injured worker's employer for a portion of a lump sum settlement previously paid the employee by the employer in full at a time when the Special Fund was not a party to the negotiations and no initial application for adjustment of claim had been filed. Based upon the plain language of KRS 342.125(1) we conclude that it may not. Accordingly, we reverse and remand.

On May 28, 1980, David Baker, an employee of Phelps Dodge Magnet Wire Company (Phelps Dodge), injured his back as a result of slipping on an oily floor while stepping off a forklift at work. Spinal surgery was performed on October 31, 1980, with Baker returning to work a year later on October 26, 1981. Phelps Dodge and Baker subsequently entered into a settlement agreement under which Baker ultimately received a lump sum payment of $30,876.62 based upon a disability rating of 25% to the body as a whole. This agreement was approved by the Board on January 4, 1982, an SF-4, Agreement as to Compensation, having been previously filed. No application for adjustment of claim was ever filed on the May 28, 1980 injury nor was the Special Fund a party to the negotiations or resulting agreement.

On April 23, 1982, Baker suffered a second work-related injury, and this time filed an application for adjustment of claim with the Board on March 4, 1983. Both Phelps Dodge and the Special Fund were named as defendants. Filed along with this application was a KRS 342.125 motion to reopen the original settlement award based upon a change of condition.

Following a hearing and the filing of briefs, an opinion and award was rendered by the Board on July 23, 1984. In its findings the Board concludes that the claimant's condition has changed for the worse and specifically finds that Baker has sustained additional occupational disability of 30%, 24% of which is apportioned to the Special Fund and 6% to the employer. The Board then directs the Special Fund to reimburse Phelps Dodge for its proportionate share of the payments made under the 1981 settlement agreement. Apparently none of Baker's worsened condition was attributed to the second, April 23, 1982 accident, as the Board summarily dismisses that claim.

On July 31, 1984, the Special Fund petitioned the Christian Circuit Court for review pursuant to KRS 342.285. In its brief to the circuit court the Special Fund first cites *Yocom v. Jordon Auto Parts Co.,* Ky., 521 S.W.2d 519 (1975), as preventing Phelps Dodge from proceeding against the Fund for any portion of the previous settlement award. While the Fund concedes that under *American Standard v. Stephen,* Ky., 565 S.W.2d 158 (1978) it may be made a party on Baker's motion to reopen the settlement, it maintains that KRS 342.125(1) specifically precludes it from being liable for any part of the settlement previously paid. KRS 342.125 provides that,

(1) Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud or newly discovered evidence, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this chapter, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. *Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder.* However, the employer shall not suspend the payment of benefits during the pendency of any reopening procedures.

In response to this argument, Phelps Dodge distinguishes *Yocom, supra,* noting that no motion to reopen was filed in that situation. Instead, the employer in *Yocom,* after Board approval of an agreed settlement attempted to seek reimbursement from the Fund by filing an application for adjustment of claim. As no claim was then pending before the Board due to the Board's approval of the settlement, it was held to have properly dismissed the employer's application. More on point appellee argues *American Standard v. Stephen,* Ky., 565 S.W.2d 158 (1978), in which this Court determined that the Special Fund could properly be made a party to a KRS 342.125 motion to reopen an approved settlement agreed upon without notice to the Special Fund or the filing of an application for adjustment. As for the "sums already paid" limitation of KRS 342.125, Phelps Dodge reasons that while it is true in the narrow sense of the phrase, that the $30,876.62 lump sum has been "already paid," that amount is the result of multiplying the weekly disability compensation Baker was to receive under the settlement, $32.75, by the present value of Baker's life expectancy, 1,653 weeks. As it is entitled to credit for that portion of a previously paid lump sum settlement representing compensation otherwise yet to be received for the unexpired portion of the injured employee's life expectancy, *Thompson v. Harlan Wallins Coal Corp.,* Ky., 256 S.W.2d 10 (1953), Phelps Dodge concludes that the Special Fund can be required to contribute to that portion of the 1981 settlement representing Baker's disability benefits for the time period after the entry of the July 23, 1984 opinion and award. The circuit court, in essence, adopted this reasoning without modification.

Neither *Yocom, supra,* nor *American Standard, supra,* disposes of the issue at hand. At best *American Standard, supra,* is authority for the proposition that the Special Fund may be made a party to a motion to reopen a settlement previously approved by the Board without the Fund's

knowledge or approval at a time when no application for adjustment had been filed. *Id.* at 162. *Yocom, supra,* is clearly distinguishable on its facts and is of no benefit to our discussion. Thus we are left with the language of KRS 342.125. As our state's courts have frequently observed, we are bound by the plain language of the statute interpreted in its ordinary sense, unless such a straightforward interpretation would lead to illogical or ludicrous results.

KRS 342.125(1) unequivocally states that review upon a motion to reopen "shall not affect the previous order or award as to any sums already paid thereunder." While the lump sum settlement award may have been calculated upon a projected ongoing work life expectancy, it was undeniably paid in full prior to the filing of the motion to reopen, and is thus a sum "already paid." Moreover, our courts have repeatedly interpreted this language to prohibit disturbing lump sum settlement award previously paid. *E.g., Scheurich & Fritz Roofing Co. v. DeWitt,* Ky., 424 S.W.2d 390 (1968); *Hayden v. Elkhorn Coal Corp.,* Ky., 238 S.W.2d 138 (1951). This being the case, we are compelled to reverse and remand, there being no indication that such an interpretation leads to ludicrous results. At best, the Board, upon Baker's motion to reopen, was empowered to order the Fund to contribute its apportioned share of the increase in disability occurring after the filing of the motion to reopen. Given the limiting language of KRS 342.125, the Board could not order the Fund to reimburse Phelps Dodge for 80% of the previously paid lump sum settlement.

The judgment of the Circuit Court is reversed and the case is remanded to the Board for entry of an opinion in accordance with our own.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.