UNINSURED EMPLOYERS'
FUND, Appellant,

v.

Walter TURNER, Commissioner, Department of Workers' Claims; Randy Kidd; B & E Hydroseeding & Contracting; Special Fund; Coal–Mac, Inc.; Ashland Coal, Inc.; and Roger D. Riggs, Administrative Law Judge, Appellees.

No. 98–SC–436–WC.

Supreme Court of Kentucky.

Oct. 15, 1998.

Rehearing Denied Jan. 21, 1999.

Robert W. Hensley, Assistant Attorney General, Uninsured Employers' Fund, Frankfort, for appellant.

Thomas G. Polites, Lexington, for appellee Kidd.

Appellee B & E Hydroseeding & Contracting, not represented by counsel.

David W. Barr, Labor Cabinet—Special Fund, Louisville, for appellee Special Fund.

Eric D. Hall, Turner & Hall, PSC, Prestonsburg, for appellee Coal–Mac, Inc.

Appellee Ashland Coal, Inc., not represented by counsel.

OPINION OF THE COURT

On July 1, 1993, claimant sustained injuries to his neck and shoulders while employed by B & E Hydroseeding & Contracting (B & E). He filed a workers' compensation claim in which he named B & E and the Special Fund as parties-defendant. Subsequently, the Uninsured Employers Fund (UEF) was named as a party-defendant pursuant to KRS 342.780 because B & E was uninsured at the time of the accident.

On December 11, 1995, at the prehearing conference, claimant, the UEF, and the Special Fund agreed to settle the claim for a lump sum equivalent to a 10% occupational

disability. The agreement was approved on that date and provided, in part, that claimant would be deposed within 90 days to enable the UEF to determine whether there was a statutory employer from whom it could pursue a claim for reimbursement or subrogation. KRS 342.610(2).

Claimant's deposition was taken. On May 30, 1996, the UEF moved to join Coal Mac, Inc. (Coal Mac) as a statutory employer. After various arguments were raised by the parties, the motion was overruled, and Coal Mac was dismissed. The UEF appealed, but the decision was affirmed by the Workers' Compensation Board and the Court of Appeals.

 An agreement to settle a workers' compensation claim becomes a final award upon approval by an ALJ. It establishes the extent of the parties' rights and obligations with regard to each other and is enforceable as a final judgment of a court. See *Beale v. Faultless Hardware*, Ky., 837 S.W.2d 893, 896 (1992). When an award becomes final, relief from its terms may be obtained only if it is reopened pursuant to the provisions of KRS 342.125. *Id.*

Here, the UEF became a party to the claim because B & E was uninsured. Although the UEF clearly recognized that KRS 342.610(2) might place liability on an as yet unnamed party, it chose to enter into a settlement with the claimant before determining whether there were grounds to join another party and to allege that the other party, and not the UEF, was responsible for any workers' compensation award. Instead, the UEF accepted liability for a portion of the award in exchange for claimant's deposition and a release of the claim. The terms of the agreement were approved by an ALJ and became a final award which terminated the action, precluding the subsequent joinder of an additional party. See *Yocom v. Jordan Auto Parts Co.*, Ky., 521 S.W.2d 519 (1975).

No motion to reopen was filed, and the UEF has asserted none of the statutory grounds for reopening the award. Furthermore, the evidence upon which the UEF bases its assertion that Coal Mac was a statutory employer clearly was available be-

fore the UEF agreed to settle the claim. We, therefore, conclude that the evidence presents no basis upon which the award could have been reopened in an attempt to join Coal Mac even had the UEF so moved.

As noted by the Court of Appeals, the UEF may be entitled to relief by means of a common law action for indemnity if it can demonstrate that it discharged an obligation that rightfully should have been discharged by Coal Mac. See *Bryan Brothers Packing Co. v. Garrard*, Ky., 386 S.W.2d 469 (1964). However, such relief is not to be found in the context of this workers' compensation proceeding.

The decision of the Court of Appeals is affirmed.

All concur.