**Hoyle STYLES, Appellant,**

v.

**ELKHORN TRUCK PARTS & SERVICE; Honorable Chris Davis, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 2009–SC–000494–WC.**

Supreme Court of Kentucky.

June 17, 2010.

Glenn Martin Hammond, Stephanie Letitia Kinney, Glenn M. Hammond Law Office, Pikeville, KY, Counsel for Appellant, Hoyle Styles.

Carl Martin Brashear, Hoskins Law Offices, PLLC, Lexington, KY, Counsel for Appellee, Elkhorn Truck Parts & Service.

## OPINION OF THE COURT

A unanimous Workers' Compensation Board affirmed an Administrative Law Judge's (ALJ's) refusal to delay the two-year period of the claimant's permanent total disability benefits[1] from the date of injury until after the date that the employer terminated voluntary temporary total disability (TTD) benefits. The Court of Appeals affirmed.[2] At issue is whether the court misconstrued KRS 342.730(4).

We affirm. The claimant qualified for old-age Social Security benefits when he was injured. KRS 342.730(4) is unambiguous with respect to such an individual's entitlement. It terminates "all income benefits" two years after the injury.

The claimant, Hoyle Styles, was born in November 1940. He completed only the eleventh grade and had no specialized or vocational training. His work history involved various types of manual labor, including work as a diesel mechanic. He became part owner of the defendant-employer, Elkhorn Truck Parts & Service, in 1975.

Styles received crush injuries to his hip, pelvis, lower extremities, and urinary tract on January 18, 2006, when the rear end of a truck under which he was working fell on him. The employer paid $416.69 per week in voluntary TTD benefits from the date of accident through July 17, 2007. Styles filed an application for benefits early in 2008.

Styles was 65 years old and receiving normal old-age Social Security benefits at the time of the accident. He testified that he worked until the accident because the benefits provided inadequate income on which to live. He alleged that he was permanently and totally disabled due to his injuries and stated that he sold his share of the business in 2008. The parties limited the contested issues to the extent and duration of disability.

Styles acknowledged that his receipt of old-age Social Security benefits limited the duration of his permanent income benefits to two years from the date of injury under KRS 342.730(4). He argued, however, that when KRS 342.730(1)(b) and KRS 342.730(4) are read in tandem, his permanent total disability award should not commence until the date that his employer terminated TTD benefits. In other words, he argued that he was entitled to the TTD benefits plus two years of permanent total disability benefits. The employer conceded that Styles was permanently and totally disabled but argued that KRS 342.730(1)(b) applies only to permanent partial disability.

The ALJ awarded permanent total disability benefits but limited the duration of the award to a period of two years from the date of injury under KRS 342.730(4). Having found the employer's decision to

---

1. *See* KRS 342.730(4).

2. The Court of Appeals also affirmed the Board's decision to vacate and remand with respect to the ALJ's decision to impose 18% interest on past-due benefits. That portion of the decision is not appealed.

terminate TTD benefits on July 17, 2007, to be "inexplicable," the ALJ ordered the employer *sua sponte* to pay interest on past-due income benefits at the rate of 18% under KRS 342.040(1). The ALJ also denied the employer's petition for reconsideration, stating that the early termination of TTD "was without purpose or need nor supported by the evidence." Styles appealed the duration of benefits and the employer appealed the imposition of 18% interest.

The Board affirmed the decision to limit permanent income benefits to two years from the date of injury unanimously. A majority vacated the decision to impose 18% interest and remanded for additional findings in order to permit meaningful appellate review.[3] The Court of Appeals affirmed.

KRS 342.730(4) provides, in pertinent part as follows:

*All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee qualifies for normal old-age Social Security retirement benefits ... or two (2) years after the employee's injury or last exposure, whichever last occurs....* (emphasis added).

Styles urges the court to read KRS 342.730(4) in tandem with KRS 342.730(1)(b), which provides income benefits for permanent, partial disability but suspends the 425– or 520–week benefit period during any intervening period of TTD. Having failed to convince the ALJ, Board, or Court of Appeals, he continues to argue that the statutes entitle him to the previously-paid TTD as well as to two years of permanent income benefits. We disagree for two reasons.

First, KRS 342.730(1)(b) is inapplicable to Styles' claim because he has been totally disabled continuously, from the time his accident occurred. KRS 342.730(1)(a), which provides income benefits for temporary and permanent total disability, controls his claim. When Styles reached MMI from all of his injuries and remained unable to work, hindsight showed that his total disability, which appeared initially to be only temporary, was actually permanent from the outset.[4]

Second, even if KRS 342.730(1)(b) did apply, KRS 342.730(4) is unambiguous. It required "[a]ll income benefits" paid under Chapter 342 to terminate two years after Styles' injury because he qualified for normal old-age Social Security retirement benefits when he was injured.[5] "All income benefits" includes TTD benefits, permanent partial disability benefits, and permanent total disability benefits. In other words, KRS 342.730(4) limited Styles to a total of two years of income benefits, regardless of the type.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

---

**3.** *See Shields v. Pittsburgh and Midway Coal Mining Co.,* 634 S.W.2d 440, 444 (Ky.App. 1982).

**4.** *Young v. Johnson County Board of Education,* 479 S.W.2d 638 (Ky.1972).

**5.** *McDowell v. Jackson Energy RECC,* 84 S.W.3d 71 (Ky.2002).