**James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,**

v.

**Geneva HELM and Nancy Wood, Co-Administrices of the Estate of Leo Cletus Helm, Deceased, Dravo Corporation, d/b/a Dravo Construction Company, and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Feb. 3, 1978.

Cyril E. Shadowen, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

James L. Hardy, Paducah, Louis V. Mangrum, Mayfield, for appellees.

Before COOPER, HAYES and HOWERTON, JJ.

COOPER, Judge.

This is an appeal from a judgment in the Marshall Circuit Court in a Workmen's Compensation case wherein the circuit court affirmed an Award of total disability to the claimant which was apportioned equally between the employer and the Special Fund.

The claimant, Leo Helm, sustained a compensable injury to his back on October 14, 1971. On August 21, 1972, the claimant and his employer entered into a compensation agreement in which Mr. Helm received a lump sum settlement of $2,449.13, representing a 15% permanent partial disability. This was approved by the Workmen's Compensation Board on September 6, 1972; however, the Special Fund was not a party to the compensation agreement.

On October 31, 1974, the claimant filed a motion to re-open, based on a change of condition in regard to the extent of occupational disability. Special Fund was subsequently made a party, proof was taken and in the Board's Opinion and Award of October 18, 1976, the claimant was found to be

100% occupationally disabled. The former settlement agreement was set aside and benefits increased, beginning October 31, 1974, and continuing for the balance of the compensable period. The Award was apportioned equally between the employer and the Special Fund.

The Special Fund appealed to the Marshall Circuit Court alleging that the Fund could not properly be made a party in the present action. In a judgment entered April 5, 1977, the Marshall Circuit Court affirmed the Board's Opinion and Award of October 18, 1976.

The main issue raised on this appeal is:

WHETHER THE SPECIAL FUND MAY BE MADE A PARTY UPON A MOTION TO RE–OPEN A CLAIM WHERE IT WAS NOT A PARTY TO THE ORIGINAL BOARD–APPROVED AGREEMENT.

We find the statutes involved here, KRS 342.120 and KRS 342.125 are dispositive of the issues in this case. These statutes provide as follows:

KRS 342.120 (1) A claimant may in the original application for benefits, or either party may by motion while the case is pending, accompanied by proper allegations, and the Board shall upon its own motion at any time before the rendition of the final Award, cause the Special Fund to be made a party to the proceedings if either or both of the following appears:

(a) The employee is disabled, whether from a compensable injury, occupational disease, preexisting disease, or otherwise, and has received a subsequent compensable injury by accident, or has developed an occupational disease;

(b) The employee is found to have a dormant non-disabling disease or condition which was aroused or brought into disabling reality by reason of a subsequent compensable injury by accident or an occupational disease.

KRS 342.125 (1) Upon its own motion or upon the application of any party interested and a showing of change of condi-

tions, mistake or fraud or newly discovered evidence, the Board may at any time review any Award or Order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this chapter, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent Order or Award. Review under this section shall be had upon notice to the parties interested and shall not affect the previous Order or Award as to any sums already paid thereunder. However, the employer shall not suspend the payment of benefits during the pendency of any re-opening procedures.

(2) Where an agreement has become an Award by approval of the Board, and a review of such an Award is initiated, no statement contained in the agreement, whether as to jurisdiction, liability of the employer, nature and extent of disability, or as to any other matter, shall be considered by the Board as an admission against the interests of any party. The parties may raise any issue upon review of this type of Award which could have been considered upon an original application for benefits.

Clearly, the claimant met the requirement of KRS 342.125 in getting his case re-opened for review. Section (2) of KRS 342.125 is applicable here and it provides when a review of an Award such as here is initiated, no statement in the agreement may be considered by the Board as an admission against interest and that, "the parties may raise any issue upon review of this type of Award which could have been considered upon an original application for benefits."

In the case of *American Standard, Inc. v. Stephen*, Ky.App., 25 Ky.L.Summ. 1 (January 6, 1978) the Court held that "parties may raise any issue upon review of this type of Award which could have been considered upon an original application." In the same case, the Court further states that KRS 342.120 provides that the Special Fund may be made a party in the original application or by a motion of any of the parties or the Board itself prior to the final Award.

Under these circumstances we find that the trial court correctly affirmed the Board's Opinion and Award of October 18, 1976.

The judgment of the trial court is affirmed.

All concur.