**John Calhoun WELLS, Commissioner of Labor and Custodian of the Special Fund, Appellant,**

v.

**Domie COTTON; Southern States Cooperative, Inc.; and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

May 20, 1983.

Denis Kline, Asst. Counsel, Dept. of Labor, Louisville, for appellant.

Stephen M. O'Brien, III, Landrum, Patterson & Dickey, Lexington, Neville Smith, Manchester, for appellees.

Before HOWARD, HOWERTON and PAXTON, JJ.

PAXTON, Judge.

The Special Fund appeals from a judgment of the Clay Circuit Court reversing a Workers' Compensation Board's Order dismissing the Special Fund from the employer's reopening claim.

On August 8, 1977, the Board entered an Opinion and Award wherein it found Domie Cotton to be 100% occupationally disabled. The Fund was not a party to the proceedings, so the entire liability was assessed against the employer, Southern States Cooperative, Inc. Southern States did not appeal the Board Order.

On January 5, 1979, Southern States filed a motion to reopen pursuant to KRS 342.125 based on the contention that Cotton's condition had improved since the date of the award. The Board ordered proof to be taken on the motion and on July 31, 1979, Southern States moved to join the Fund as a party. The motion was sustained, but by Order dated July 28, 1980, the Board found Cotton's condition had not improved and left the original 100% disability award intact. The Board went on to conclude that although "testimony produced in support of the motion to reopen would appear to compel some apportionment", it was "persuaded that, as a matter of law, the liability ... cannot now be shifted from the Defendant employer to the Special Fund". The Circuit Court judgment reversed that portion of the Board's Order that dismissed the Fund from the proceedings. The Fund appeals from that judgment.

The single issue presented is whether the Special Fund can be made a party in reopenings where it was not a party to the original litigation between the employer and the employee.

KRS 342.120(1) provides:

A claimant may in the original application for benefits, or either party may by motion while the case is pending . . . and the board shall upon its own motion at anytime before the rendition of the final award, cause the special fund to be made a party to the proceedings . . . .

The statute permits the Fund to be brought into the case only by a party during pendency of the action or by the Board prior to rendition of the final award. Neither the Board nor a party is given express statutory authority to make the Fund a party after the award is rendered.

Southern States argues that because evidence was discovered during the reopening that would compel apportionment, the provision in subsection (1) of KRS 342.125 authorizing a reopening on "newly discovered evidence" permits the Fund to be made a party. We disagree.

In *Yocom v. Milish*, Ky., 497 S.W.2d 702 (1973), the issues were litigated before the Board and an award rendered apportioning liability between the employer and the Fund. It was discovered, some three months after entry of the award, that the Fund had never been made a party. The Board, on its own motion, reopened the case, made the Fund a party, and retried the issues assessing all liability against the employer. The Court, in rejecting this procedure, stated at page 703:

> C.W. Transport argues that the Board did not have authority to set aside its first award. We agree . . . . The case was tried on its merits, an award was entered, and there was no appeal. The case was concluded insofar as leaving the Board any authority to set aside its award and bring in the Special Fund.

We believe that *Milish* is dispositive of the issue in this case and that the reopening on "newly discovered evidence" contemplated by the statute is limited to issues between the parties to the original claim.

*American Standard, Inc. v. Stephen*, Ky. App., 565 S.W.2d 158 (1978), and *Yocom v. Helm*, Ky.App., 562 S.W.2d 97 (1978), relied upon to some extent by both parties, concerned cases where the parties had reached an agreement. The reopenings in these cases were brought under subsection (2) of KRS 342.125 which provides that "[t]he parties may raise any issue upon review of this type of award which could have been considered upon an original application for benefits". The Court in both *American Standard* and *Helm* was very careful to limit its holding to agreed cases in allowing the Fund to be brought in for the first time after the award was rendered. Southern States argues that subsection (2) should not be interpreted to limit, by implication, the rights of a party under subsection (1). It is plain to us that each subsection must stand on its own. The "any issue" language of subsection (2) has been interpreted to allow a party to bring the Fund into the litigation, for the first time, post-award. This interpretation is consistent with the purpose of agreed cases: to encourage settlement of claims. A party will usually be more receptive to compromise if upon reopening original liability can be litigated, and an employer will certainly be more receptive to compromise if the right to make the Fund a party is retained for reopening. No similar positive result has been shown to follow from allowing an employer to make the Fund a party post-award in litigated cases.

We hold that the Special Fund may not be made a party in reopenings where it was not a party to the original litigated proceedings.

The judgment of the Clay Circuit Court is reversed to the extent it remanded the case to the Workers' Compensation Board and it is ordered to enter a judgment consistent with this opinion.

All concur.