**BROWN & WILLIAMSON TOBACCO CORPORATION, Appellant,**

v.

**Arthur L. HARPER; John C. Wells, Commissioner of Labor and Custodian of the Special Fund; and The Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

June 27, 1986.

Rehearing Denied Oct. 3, 1986.

Mary Ross Terry, Louisville, for appellant.

Dennis M. O'Connor, Louisville, for appellee Arthur L. Harper.

David Allen, Louisville, for Special Fund.

Before GUDGEL, MILLER, and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from an order of the Jefferson Circuit Court affirming an award by the Workers' Compensation Board holding the appellee Arthur L. Harper to be totally disabled.

In 1981 Mr. Harper injured his back in a work-related accident. He filed a workers' compensation claim against his employer, the appellant Brown & Williamson Tobacco Corporation. On June 6, 1983, he was found by the Board to be fifteen percent occupationally disabled and benefits based upon that disability were awarded. On January 24, 1984, Mr. Harper moved to reopen his claim on the ground that his condition had worsened as a result of "psychiatric problems relating to his long term, disabling work-related low back pain." The employer joined as a party the Special Fund, which had not been a party to the original proceeding before the Board. The Board found Mr. Harper now to be totally disabled from "the deterioration of his psychiatric or emotional condition." It made an award based upon total disability but made no apportionment of the award and dismissed the Special Fund as a party on the basis of this Court's holding in *Wells v. Cotton*, Ky.App., 650 S.W.2d 266 (1983). The circuit court affirmed the action of the Board.

The employer first argues that the Board erred in finding Mr. Harper to be 100 percent occupationally disabled. There was substantial evidence before the Board, for

example in the testimony of Dr. Brown, to support the finding of total disability.

Next, the employer argues that the Special Fund was a proper party to the re-opened claim and that it should have had part of the award apportioned against it. There was evidence before the Board from which it could have concluded that apportionment of the award between the employer and the Special Fund was warranted, however, both the Board and the circuit court believed that apportionment was precluded under *Wells v. Cotton, supra,* which held that KRS 342.120(1) (now KRS 342.-120(2)) permitted the Special Fund "to be brought into the case only ... prior to rendition of the final award." *Id.* at 267.

The purpose for which the Special Fund was created is "to prevent the employer from being held responsible for more of a compensation award than is attributable to a disability incurred in the course of an employee's employment with him...." *Transport Motor Express, Inc. v. Finn,* Ky., 574 S.W.2d 277, 280–1 (1978). Considered in the light of this legislative purpose, we conclude that KRS 342.120(2) is not intended to preclude the joinder of the Special Fund and apportionment of an award between it and an employer in a case such as this, if the evidence otherwise warrants an apportionment.

There was no basis for joining the Special Fund in the original proceedings because none of the statutory grounds for doing so appeared to exist then. *See* KRS 342.120(2). Thus, the employer could not properly have moved to join it. Unlike the situation in *Yocom v. Milish,* Ky., 497 S.W.2d 702 (1973), the Board had properly reopened the claim here, and unlike the situation in *Wells v. Cotton, supra,* there was no attempt in a properly reopened claim to litigate for the first time whether the original award should be apportioned. The fund was not prejudiced by being deprived of an opportunity to defend against the original claim because it cannot now be held liable to pay any part of the original award.

KRS 342.120(2) permits the Fund to be made a party "while the case is pending" and "at any time before the rendition of the final award." This case was properly pending before the Board on a claim which could never previously have been decided while the Board had authority to make a "final award" based upon its resolution of this claim. The Board's original award could not possibly have been a "final award" with respect to this claim and we can discern no reason why the Legislature would intend that it be otherwise in view of the purpose for which the Special Fund was created.

The order of the Jefferson Circuit Court is reversed and this case is remanded to the Workers' Compensation Board for further proceedings consistent with this opinion.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.