FLENCO, INC. and Kentucky Associated General Contractors, Movants,

v.

Larry D. BEALE, Director of Special Fund and Workers' Compensation Board, Respondents.

FLENCO, INC. and Kentucky Associated General Contractors, Appellants,

v.

Larry D. BEALE, Director of Special Fund and Workers' Compensation Board, Appellees.

Nos. 91–SC–107–D, 91–SC–136–WC.

Supreme Court of Kentucky.

July 3, 1991.

John V. Porter, Wells, Porter, Schmitt and Walker, Paintsville, for movants/appellants.

Denis S. Kline, Labor Cabinet, Louisville, for special fund.

## OPINION OF THE COURT

On August 27, 1983, Kenneth Campbell (now deceased) injured his back in a fall at a construction site while employed by Flenco, Inc. (Flenco). In an attempt to relieve continued back pain and severe headaches which resulted from a myelogram, medical treatment was extensive and included surgery to decompress nerve roots and numerous postoperative procedures. The postoperative course of treatment, which included nerve blocks, several blood patches and a second myelogram, was only partially successful, and additional complications developed, including seizures and psychiatric problems. The medical evidence was conflicting regarding the nature and extent of the claimant's disability, including the degree to which his condition may have been affected by preexisting back and nervous problems.

The Old Workers' Compensation Board (Old Board) awarded claimant permanent, total disability benefits. Citing *Young v. Fulkerson*, Ky., 463 S.W.2d 118 (1971), the Old Board ruled that the combination of the injury and its complications alone caused the claimant to be totally disabled and apportioned all liability to the employer. Additionally, the Old Board found that no portion of the disability was active prior to the accident and that no portion of the disability was the result of the arousal of a preexisting condition.

The Whitley Circuit Court affirmed, and Flenco appealed. During the pendency of the appeal, the claimant and Flenco settled, with the issue of Special Fund liability being reserved. The Court of Appeals affirmed on that remaining issue, and we affirm the Court of Appeals.

In a workers' compensation claim, the employer has primary liability to a worker for any compensable disability resulting from an injury incurred while in his employ. The burden of establishing any Special Fund liability to reimburse or indemnify him is on the employer. *Kentland Elkhorn Coal Co. v. Johnson*, Ky. App., 549 S.W.2d 308 (1977). If the employer fails to meet that burden, he must prove, on appeal, that a result in his favor was compelled by the evidence or that the result reached by the fact-finder was unreasonable and not supported by substantial evidence. *Special Fund v. Francis*, Ky., 708 S.W.2d 641 (1986).

According to the Old Board, Dr. Tibbs, a neurosurgeon, assessed a 20% functional impairment, 80% of which he attributed to the injury of August, 1983. He noted, however, that this assessment did not include the impairment due to the complaints relating to the headaches and subsequent symptoms of confusion and agitation. Dr. Bansal, a neurologist, attributed claimant's present symptoms to the combination of his accident and the multiple complications in the course of treatment. Both physicians testified that claimant could not continue to do manual labor. Dr. Sinha, a psychiatrist, testified that he had treated the claimant since September, 1985. The claimant suffered from depression and psychosis, with an 80%—90% functional impairment which precluded his return to his regular employment. Dr. Sinha

attributed no portion of the impairment to the arousal of a preexisting condition.

Based on the evidence, it was not unreasonable for the Board to conclude that the disability resulting from the combination of the injury and its complications was sufficient, in and of itself, to render the claimant totally disabled. That being the case, all liability was properly allocated to the employer. *Young v. Fulkerson,* Ky., 463 S.W.2d 118, 120 (1971).

The decision of the Court of Appeals to affirm the Whitley Circuit Court and the Old Workers' Compensation Board is hereby affirmed. Flenco, Inc. and Kentucky Associated General Contractors' motion for discretionary review is hereby denied. *Vessels v. Brown Forman,* Ky., 793 S.W.2d 795 (1990).

All concur.