UNINSURED EMPLOYERS' FUND, Appellant,

v.

Kenneth W. FOX; Nationwide Roofing and Sheet Metal, Inc.; Hon. Suzanne Shively, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 92–CA–1553–WC.

Court of Appeals of Kentucky.

July 9, 1993.

As Modified on Denial of Rehearing and Case Ordered Published Oct. 8, 1993.

Dana C. Stinson, Asst. Atty. Gen., Frankfort, for appellant.

James A. Nolan, Covington, for appellee Fox.

William C. Ayer, Jr., Frankfort, for appellee Nationwide Roofing and Sheet Metal, Inc.

Before EMBERTON, JOHNSTONE and WILHOIT, Judges.

JOHNSTONE, Judge:

This matter is before us on a petition for review of an opinion of the Workers' Compensation Board ("Board") which reversed in part and remanded to an Administrative Law Judge ("ALJ") the claim of appellee "for the taking of evidence on all issues available to the parties." Appellant contends that the Board was without authority to remand the case with directions to vacate an earlier Opinion, Award, and Order. We agree with this contention; consequently, we reverse and remand.

On September 29, 1983, appellee sustained a work-related injury in the course of his employment with Nationwide Roofing and Sheet Metal, Inc. ("Nationwide"), of Ohio while working on a job in Kentucky. Nationwide was a participating employer under Ohio's Workers' Compensation Fund, but was uninsured for its liability under Kentucky law at the time of the accident.

Appellee filed a claim in Kentucky on January 30, 1989, listing the name of his employer's insurance carrier as "unknown." At no time during the pendency of the claim did any party, including appellee, request a certification of insurance coverage for the employer.

An order was entered awarding benefits against the defendant-employer and/or its insurance carrier on October 25, 1990. The decision became final on November 26, 1990, no petition for reconsideration or appeal having been filed by any party.

Thereafter, the appellee filed a petition to enforce the award pursuant to KRS 342.305. The Fayette Circuit Court entered a judgment on December 3, 1990. Execution on said judgment was returned noting that the company was not located in Fayette County and had no assets there. On February 7, 1991, appellee filed a motion in which he moved the ALJ to order payment of his award by the appellant, Uninsured Employers' Fund. The ALJ granted the motion on

March 26, 1991, and ordered appellant, still a nonparty, to pay the award. By a second order entered March 27, 1991, the ALJ reopened the case pursuant to KRS 342.125 "based upon mistake and/or newly discovered evidence" and, for the first time, ordered that appellant be joined as a party.

Appellant first learned it was involved on April 1, 1991, after receiving a letter from appellee's attorney and quickly moved the ALJ to reconsider the orders of March 26 and March 27. The ALJ amended the previous orders on September 24, 1991; by finding that the claim was correctly reopened on the grounds of mistake; that the appellant was properly joined as a party, but finding that the Uninsured Employers' Fund should be allowed to defend the claim on its merits.

After an appeal to the Board, the ALJ's orders were affirmed in part, reversed in part and remanded to the ALJ with directions to vacate the initial award of October 25, 1990, and conduct a hearing "on all issues available to the parties."

Appellant contends that the Board was without authority to remand the case with directions to vacate the initial award and that the Board incorrectly interpreted KRS 342.-780 and its progeny of cases. We agree with both propositions.

KRS 342.780 provides as follows:

A claimant may, in the original application for benefits, or any party may, by motion accompanied by proper allegations *while the case is still pending,* and the administrative law judge shall, upon his motion at any time *before the rendition of the final award,* cause the uninsured employers' fund to be made a party to the proceedings if it should appear that the named defendant has failed to secure the payment of compensation as required by KRS 342.340. (Emphasis added).

■ As the Board correctly noted, it is well settled that res judicata applies to workers' compensation actions where the facts have been fully litigated. *Parson v. Union Underwear Company,* Ky.App., 758 S.W.2d 43 (1988); *Beale v. Faultless Hardware,* Ky., 837 S.W.2d 893 (1992). The ALJ's award of October 25, 1990, decided all issues in controversy.

■ The real issue before us is whether the joinder of the Uninsured Employers' Fund on March 27, 1991, was proper. The Board opined that the ALJ was correct in reopening the claim on the grounds of "mistake." KRS 342.125 provides in part:

(1) Upon its own motion or upon the application of any party and a showing of change of occupational disability, *mistake* or fraud or newly discovered evidence, the administrative law judge may at any time reopen and review any award.... (Emphasis added).

Apparently, the ALJ concluded that the mistake of the failure of appellee to join the appellant prior to the original order becoming final satisfied the grounds of mistake contained in the above statute. We disagree. A mistake, regardless of whether it is of law or fact, must be founded upon ignorance before relief may be granted on account of it. *Wells v. Fox Ridge Mining Co.,* Ky., 243 S.W.2d 676 (1951).

In *Yocom v. Milish,* Ky., 497 S.W.2d 702 (1973), the issues between the parties were litigated before the Board and an award was rendered apportioning liability between the employer and the special fund. After entry of the award, it was discovered that the special fund had never been made a party. The Board reopened the case, joined the special fund as a party, and retried all of the issues. The Court rejected the Board's actions and stated at page 703:

C.W. Transport argues that the Board did not have authority to set aside its first award. We agree. The Board's ostensible authority is KRS 342.125(1), which authorizes revocation of a previous order or award upon a showing of change of condition, mistake, or fraud. However, "mistake" within the meaning of the statute precludes the Board from retrying the case as was done here. The case was tried on its merits, an award was entered, and there was no appeal. This case was concluded insofar as leaving the Board any authority to set aside its award and bring in the Special Fund.

In *Verderane v. Jacksonville Shipyards, Inc.,* 772 F.2d 775, 780 (11th Cir.1985), the Court held that: "[Reopening] petitions are designed to prevent injustice resulting from the erroneous fact-finding of officials such as an ALJ, not to save litigants from the consequences of their counsel's mistakes."

■ While the Board acknowledges the principle that courts generally have not allowed the special fund, and by analogy the appellant herein, to be joined as a party in a reopening, it relied upon *Brown & Williamson Corp. v. Harper,* Ky.App., 717 S.W.2d 502 (1986), as having created an exception. *Harper* stands for the proposition that there is no preclusion to joinder of the special fund where there was no basis for joining the fund in the original proceeding.

However, such is not the case at bar. Prior to the original award becoming final, appellee's attorney received a letter dated November 16, 1990, confirming Nationwide's insolvency and the absence of any workers' compensation insurance. Appellee's counsel has acknowledged in a pleading styled "Motion to Amend Errors Patently Appearing In Opinion Rendered May 22, 1992" that a motion was prepared prior to the original award becoming final which moved the ALJ to join the appellee.[1] Thus, appellee had knowledge that could have been utilized to bring the Uninsured Employers' Fund into the original litigated proceedings.

Accordingly, we feel compelled to hold that the Board was without authority to join the Uninsured Employers' Fund as a party and remand the case with directions to vacate the original award of October 25, 1990, and relitigate appellee's claim.

In view of the foregoing, the Board's opinion of May 22, 1992, is reversed and remanded with directions to remand this action to the ALJ to reinstate the Opinion, Award and Order of October 25, 1990.

All concur.

---

1. Appellee's counsel claims to have filed this motion on November 26, 1990, however, no such motion has ever been discovered in the official records.