Elsie LEISTNER, Appellant,

v.

CONCESSION AIR, INC.; Vicki G. Newberg, Acting Director of Special Fund; Roger Riggs, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 94–SC–420–WC.

Supreme Court of Kentucky.

Dec. 22, 1994.

Case Ordered Corrected and Published by Supreme Court Feb. 16, 1995.

Penny UnKraut Hendy, Smith, Wolnitzek, Schachter & Rowekamp, P.S.C., Ft. Mitchell, for appellant.

Robert Barry Cetrulo, Jr., Ware, Bryson, West & Kummer, Edgewood, for appellee Concession Air, Inc.

Mark C. Webster, Labor Cabinet, Sp. Fund, Louisville, for appellee Newberg.

## OPINION OF THE COURT

On June 21, 1991, claimant filed an application for compensation benefits, alleging that she had injured her back at work on March 27, 1989. With the application, she filed a Form 107 medical report and a letter, dated April 23, 1991, both of which were prepared by Dr. John P. Schmitz. In the letter, Dr. Schmitz stated, "I feel that 10% of the 15% disability that Elsie Leistner has incurred would be due to the compression fracture. 5% remaining would be due to the arousal of a pre-existing degenerative arthritic condition." Dr. Schmitz's medical report, which included the letter of April 23, 1991, was filed as evidence on August 9, 1991.

In July, 1991, the Administrative Law Judge (ALJ) scheduled the first prehearing conference for November 13, 1991. Six days prior to the prehearing conference, on November 7, 1991, claimant filed a motion to join the Special Fund as a party to the claim, alleging that she "may have been suffering from degenerative arthritis" at the time of her injury and that a copy of all pleadings, medical records, and depositions had been forwarded to the Special Fund. The motion contained no explanation for requesting joinder less than 45 days before the prehearing conference. See KRS 342.120(2). In support of the motion, claimant included a copy of Dr. Schmitz's letter of April 23, 1991. Claimant also moved to reschedule the prehearing conference in order to depose Dr. Schmitz. On November 13, 1991, the prehearing conference was continued.

The Special Fund objected to the motion for joinder, arguing that it was not timely and that no good cause had been shown therefor. KRS 342.120(2), (4). Dr. Schmitz's deposition was taken on December 23, 1991. On January 2, 1992, claimant's motion to join the Special Fund was granted, the prehearing conference was rescheduled for January 7, 1992, and the Special Fund was given 30 days for proof. The order

contained no finding that good cause had been shown for the untimely joinder.

After proof was completed, the ALJ determined that claimant was permanently, totally, occupationally disabled. One-third of the disability was deemed prior, active, and the remaining two-thirds disability was apportioned equally between the employer and the Special Fund. The Special Fund petitioned for reconsideration, again arguing that the untimely joinder was improper, but the motion was denied.

On appeal, the Workers' Compensation Board (Board), in a two to one decision, reversed the ALJ's decision to join the Special Fund. The Board noted that Dr. Schmitz's letter demonstrated a factual basis for joinder and that claimant could have and should have named the Special Fund as a party either in her original application or not less than 45 days before November 13, 1991. Because no good cause was shown for the delay, the Special Fund was improperly joined. Furthermore, any relief against the Special Fund was barred by KRS 342.120(2) and (4).

The Court of Appeals affirmed the Board's determination and noted that Dr. Schmitz's letter, which provided the factual basis for joinder, was available to claimant and that knowledge of this information was admitted when claimant filed the letter with her claim. Under those circumstances, there was no excuse for failing to join the Special Fund within the statutorily prescribed time.

Claimant appeals to this Court. She asserts that there was good cause for the ALJ to grant joinder under the circumstances of this case, that the motion to join was filed more than 45 days before the rescheduled date for the prehearing conference, that any liability of the Special Fund should become the liability of the employer if the Special Fund is dismissed, and that the Special Fund was not prejudiced by being joined as a party.

During litigation of this claim, KRS 342.120 provided, in pertinent part, as follows:

(2) A claimant may name the special fund as a party in the original application for benefits, or either party shall by motion not later than forty-five (45) days prior to the first scheduled prehearing conference, unless there is a showing of good cause, request the administrative law judge to and the administrative law judge shall, cause the special fund to be made a party to the proceedings if either or both of the following appears:

(a) The employee is disabled, whether from a compensable injury, occupational disease, pre-existing disease, or otherwise, and has received a subsequent compensable injury by accident, or has developed an occupational disease;

(b) The employee is found to have a dormant nondisabling disease or condition which was aroused or brought into disabling reality by reason of a subsequent compensable injury by accident or an occupational disease.

. . . . .

(4) Failure to move for joinder of the special fund within the time limit prescribed by this section, without a showing of good cause, shall bar any recovery against the special fund.

█ Until the 45–day limitation was added in 1990, it was possible to make the Special Fund a party to a workers' compensation claim at any time before rendition of the final award. It is apparent that such a procedure would have made it extremely difficult, if not impossible, for the Special Fund to adequately defend itself from liability. Where joinder is not sought at least 45 days before the first scheduled prehearing conference, the prohibition against recovery from the Special Fund absent a showing of good cause contained in KRS 342.120(4) is evidence that the legislature intended for the amendment to be strictly construed.[1] It appears that the

---

1. We note that, effective April 4, 1994, KRS 342.120(2) was again amended, and the words "as soon as practicable" were substituted for the 45–day limitation. Although the 1994 amendment could be read to indicate the legislature's intent to allow for later joinder under certain circumstances, we note that the legislature did not remove the requirement that good cause be shown. In any event, claimant had knowledge of Dr. Schmitz's letter when she filed her claim.

ALJ's decision to continue the prehearing conference in order to allow for 45 days between the filing of a motion to join the Special Fund and the actual prehearing conference was simply an attempt to circumvent the plain language of the statute. There was no showing of good cause in claimant's motion, and no finding of good cause was made in the order granting joinder. Under those circumstances, it is of no moment whether good cause, in fact, existed. Furthermore, the facts belie that assertion in the instant case.

■ In 1982, the scheme for payment of workers' compensation benefits which is set forth in KRS 342.120 was amended. Since that time, the employer has paid the injured worker only to the extent of its own liability, and the Special Fund has paid its liability directly to the worker. Therefore, the employer and the Special Fund are now in the posture of co-defendants in workers' compensation cases, and the liability of the Special Fund is considered to be direct and not derivative. *Palmore v. Helton,* Ky., 779 S.W.2d 196 (1989). Liability in workers' compensation cases is not joint and several; one defendant does not bear responsibility for another's liability. Contrary to claimant's argument, the issues present in *Flenco v. Beale,* Ky., 812 S.W.2d 711 (1991), are distinguishable from those present herein, and that case does not apply under the present facts.

■ Workers' compensation proceedings are adversarial in nature, and it is the responsibility of each party to protect its own interests. As in any other adversarial proceeding, a plaintiff cannot rely upon a named defendant to join another defendant who is directly liable. Although it is often the employer who joins the Special Fund, KRS 342.120(2) provided that either claimant or the employer could have moved to have the Special Fund named a party to this claim. As noted by the Board and the Court of Appeals, claimant was aware of the contents of Dr. Schmitz's letter no later than the date upon which her claim was filed. Furthermore, Dr. Schmitz's letter was filed as part of her evidence more than 45 days before November 13, 1991, and it was upon Dr. Schmitz's letter that she relied in moving to join the Special Fund. Claimant made no showing of good cause in her motion to join, and the ALJ made no finding on the issue in his order granting joinder. Therefore, we cannot say that the Court of Appeals erred in affirming the Board's determination that the circumstances compelled a finding of no good cause for claimant's failure to name the Special Fund in a timely manner. Absent a showing of good cause, claimant's motion to join the Special Fund should have been overruled.

The decision of the Court of Appeals is hereby affirmed, and the case is remanded to the ALJ for further proceedings that are consistent with this opinion.

All concur, except LEIBSON, J., who dissents by separate opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

This opinion is an extremely hypertechnical (indeed Draconian) application of the 45 days language in former KRS 342.120(2). I agree with the way the Administrative Law Judge solved the problem, as being fair to both sides.

Also, substantively, I disagree with burdening the employee rather than the employer with the consequences of failure to join the Special Fund. (See my dissent in *Dickerson v. Twentieth Century Hoov–R–Line,* Ky., 893 S.W.2d 365 (1995).)

Therefore, her motion would have been untimely, even under the 1994 amendment, absent a showing of good cause.