Mary Gynette DICKERSON, Appellant,

v.

TWENTIETH CENTURY HOOV-R-LINE, Special Fund, and Workers' Compensation Board, Appellees.

No. 94-SC-366-WC.

Supreme Court of Kentucky.

Dec. 22, 1994.

Case Ordered Published
as Corrected Feb. 6, 1995.

Kenneth L. Sales, Debbie D. O'Connell, Segal, Isenberg, Sales, Stewart, Cutler & Tillman, Louisville, for appellant.

Charles Ernest Lowther, Mitchell, Joiner, Hardesty & Lowther, Madisonville, for appellee Twentieth Century Hoov-R-Line.

Mark C. Webster, Labor Cabinet—Special Fund, Louisville, for appellee Special Fund.

OPINION OF THE COURT

Claimant injured her back at work on August 3, 1990. After the injury, she returned to work in a different capacity. She continued to work for a period of time, but eventually realized that her injury was more disabling than she first believed. She began treatment with Dr. Donley, an orthopedic surgeon, and filed a claim for compensation benefits in October, 1991.

Dr. Donley testified that claimant had a deteriorated disc, that the disc disease was

not caused by work, that it predated the injury, and that the 1990 injury aggravated the condition and caused it to become disabling. Dr. Quader, also an orthopedic surgeon, testified that claimant had preexisting, dormant, degenerative disc disease. He believed that the condition was capable of being aroused. However, if it was aroused, any impairment that it caused claimant to experience was temporary and not permanent. He did not believe that claimant presently exhibited any permanent impairment under the AMA's guidelines and would not have placed any more restrictions on her activities than before the 1990 injury. Both physicians agreed that claimant's health would be improved if she lost some weight.

On March 27, 1992, 21 days before the first scheduled prehearing conference, the employer moved to join the Special Fund as a party defendant, asserting that it had not received Dr. Donley's deposition, purportedly the first indication of claimant's preexisting, dormant condition, until thirteen days earlier. The Administrative Law Judge (ALJ) noted the fact that Dr. Donley's deposition was taken on February 26, 1992, 54 days prior to the prehearing conference, and that the employer had received constructive notice of Dr. Donley's opinion by attending the deposition. Therefore, the motion was denied as untimely pursuant to KRS 342.120(2). The employer then filed a petition for reconsideration, asserting that 803 KAR 25:011, Section 4(4) required its motion for joinder to contain references to the deposition transcript which was not available more than 45 days before the date of the prehearing conference. However, the ALJ noted that 803 KAR 25:011, Section 4(3) would have permitted the motion to be filed with an affidavit from counsel in lieu of references to the deposition transcript, itself. The petition was denied, and the prehearing conference was held on April 21, 1992. The contested issues listed were the extent and duration of disability and the ALJ's refusal to permit joinder of the Special Fund.

The ALJ concluded, on the record, that claimant had sustained a 20% permanent, partial occupational disability. When asked whether the award for income benefits was based in whole or in part on a preexisting disease or preexisting condition of the back, the ALJ replied that it was not. Temporary, total disability benefits were awarded from November 6, 1990, to September 16, 1991. The entire award of benefits was assessed against the employer.

The employer appealed to the Workers' Compensation Board (Board), arguing that the evidence compelled a period of temporary benefits shorter than was awarded and that the ALJ erred in refusing to grant its motion to join the Special Fund as a party to the claim.

The Board affirmed the period of temporary disability benefits awarded but ruled that the ALJ was compelled by the evidence to have found that claimant had a preexisting dormant condition that was aroused and became disabling as a result of the work-related injury. The ALJ's decision to overrule the motion to join the Special Fund as untimely was affirmed, and the case was remanded for the entry of an award against the employer in conformity with KRS 342.1202. The Board noted that the Special Fund was not a party and that, under the decision *Palmore v. Helton*, Ky., 779 S.W.2d 196 (1989), the liability of the Special Fund no longer derived from that of the employer. Therefore, claimant was responsible for joining the Special Fund, a party from whom she had a direct right of recovery. Because she did not do so, recovery against the Special Fund was barred.

Claimant appealed to the Court of Appeals, arguing that the Board had erred as a matter of law in substituting its judgment for that of the ALJ regarding the presence of a preexisting, dormant condition that was aroused by the injury. She also argued that the Board erred in construing KRS 342.120(2) as placing responsibility for joining the Special Fund upon her rather than on the employer. Finally, she requested that, if the Board were affirmed on that issue, either the decision be given only prospective application or the case be remanded to the ALJ for joinder of the Special Fund and a redetermination of the facts and liabilities.

The Court of Appeals noted that, although a fact-finder may pick and choose what to

believe from any one witness, the fact-finder may not misinterpret what is said in order to reach the desired result. The court agreed with the Board's ruling that the ALJ's finding was contrary to the evidence. The court also cited KRS 342.120(4) as barring any recovery against the Special Fund where no motion to join was filed at least 45 days before the prehearing conference and no showing of good cause was made. Because the court believed that no good cause was shown, the court agreed with the Board's decision in affirming the ALJ. Finally, the court did not believe that the facts justified the equitable relief which claimant sought. Both parties were present at Dr. Donley's deposition and both parties had the power to name the Special Fund in the suit. Under those circumstances, equitable relief was not warranted.

 Claimant appeals to this Court, again arguing that the Board substituted its judgment for that of the ALJ on the factual issue concerning the arousal of a previously dormant condition. Because claimant has not shown that the view of the evidence taken by the Board and the Court of Appeals was either patently unreasonable or flagrantly implausible, we affirm in that regard. *Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685 (1992).

Next, claimant argues that the Board and the Court of Appeals erred in placing responsibility on her to join the Special Fund. She argues that the liability for establishing a third-party defense is on the defendant, not the plaintiff.

During litigation of this claim, KRS 342.120 provided, in pertinent part, as follows:

(2) A claimant may name the special fund as a party in the original application for benefits, or either party shall by motion not later than forty-five (45) days prior to the first scheduled prehearing conference, unless there is a showing of good cause, request the administrative law judge to and the administrative law judge shall, cause the special fund to be made a party to the proceedings if either or both of the following appears:

(a) The employee is disabled, whether from a compensable injury, occupational disease, pre-existing disease, or otherwise, and has received a subsequent compensable injury by accident, or has developed an occupational disease;

(b) The employee is found to have a dormant nondisabling disease or condition which was aroused or brought into disabling reality by reason of a subsequent compensable injury by accident or an occupational disease.

. . . . .

(4) Failure to move for joinder of the special fund within the time limit prescribed by this section, without a showing of good cause, shall bar any recovery against the special fund.

 In 1982, the scheme for payment of workers' compensation benefits which is set forth in KRS 342.120 was amended. Since that time, the employer has paid the injured worker only to the extent of its own liability, and the Special Fund has paid its liability directly to the worker. Therefore, the employer and the Special Fund are now in the posture of co-defendants in workers' compensation cases, and the liability of the Special Fund is considered to be direct and not derivative. *Palmore v. Helton*, Ky., 779 S.W.2d 196 (1989). As co-defendants, neither the employer nor the Special Fund bears responsibility for the other's liability. As between the employer and the Special Fund there is no third-party defense.

 Workers' compensation proceedings are adversarial in nature, and it is the responsibility of each party to protect its own interests. As in any other adversarial proceeding, a plaintiff cannot rely upon a named defendant to join another defendant who is directly liable to the plaintiff. Although it is often the employer who joins the Special Fund, KRS 342.120(2) provides that either claimant or the employer could have moved to have the Special Fund named a party to the claim. As noted by the Board and the Court of Appeals, claimant was aware of the contents of Dr. Donley's testimony at the time of his deposition, had sufficient time thereafter to move for joinder of the Special

Fund in compliance with KRS 342.120(2), and had an obligation to protect her own interests by moving to name the Special Fund as a party to the claim. Under these circumstances, we are not persuaded that the equitable relief which she requests is justified.

Accordingly the decision of the Court of Appeals is hereby affirmed.

All concur except LEIBSON, J., who dissents by separate opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

Contrary to the intent of KRS 342.120, this opinion shifts responsibility to join the Special Fund entirely onto the employee.

Under this opinion there would *NEVER* be any incentive for an employer to join the Special Fund when evidence surfaces to argue arousal of a dormant condition, because an employer can *now* shift responsibility to the absent Special fund (the empty chair) with no response.

The employer should absorb disability caused by injury compounded by arousal of a dormant, nondisabling condition if the employer fails to join the Special Fund.

The Administrative Law Judge reached the proper result in the circumstances presented. We should reverse the Workers' Compensation Board and the Court of Appeals, and affirm the award made by the Administrative Law Judge.