**Robert L. WHITTAKER, Director of Special Fund, Appellant,**

v.

**Sheral Lee BYARD; Titan Fabricators, Inc.; Sheila C. Lowther, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 1999–SC–0894–WC.

Supreme Court of Kentucky.

Aug. 24, 2000.

David R. Allen, Frankfort, for Appellant.

Jeanie Owen Miller, Owensboro, for Appellee Byard.

Richard Christion Hutson, Whitlow, Roberts, Houston, & Straub, Paducah, for Appellee Titan Fabricators, Inc.

## OPINION OF THE COURT

This workers' compensation appeal concerns a matter of first impression: whether a claim against the Special Fund was barred by the two-year period of limitations in an instance where a timely claim was filed against the employer, where the first evidence to support Special Fund liability was produced by the employer more than two years after the last voluntary payment, and where a motion to join the Special Fund was filed at the same time as the evidence supporting Special Fund liability.

Claimant was employed as a steel fabricator. He was injured on December 7, 1995, while building a rack upon which to store sheets of steel. The structure fell, striking him and pinning him to the floor. Claimant was taken to the emergency room where it was determined that he had sustained a dislocated right shoulder with a possible rotator cuff tear and that he had also sustained a vertebral compression fracture. His employer paid voluntary temporary, total disability (TTD) benefits from December 8, 1995, through March 11, 1996. A claim was filed against the employer on October 21, 1997.

Dr. Oexmann, the orthopedic surgeon who treated claimant's back injury, diagnosed an L2 compression deformity with approximately a 40% loss of vertebral body height. He assigned a 15% whole body impairment, restricted claimant to lifting no more than 15–20 pounds, and indicated that claimant could perform no more than light duties due to ongoing pain. He did not indicate that any of claimant's impair-

ment was caused by the arousal of a prior, dormant condition. Dr. Oexmann's notes for the period of April 17, 1996, through December 8, 1997, document a course of conservative treatment, at the end of which claimant continued to complain of low back pain, difficulty sleeping, and right leg pain.

Dr. Quader performed surgery to reduce the anterior dislocation of claimant's right shoulder. He indicated that claimant should avoid extreme flexion and external rotation of the shoulder which could result in a recurrence. He assigned a 4% functional impairment to the injury.

Treatment records were submitted by Dr. Kenitzer, a chiropractor. They indicate that he treated claimant for neck and upper back pain. There is no indication by the parties that the records shed any light on the question presently at issue.

Dr. Ensalada evaluated the claimant at the request of the employer on April 14, 1998, more than two years after the last voluntary TTD payment. Dr. Ensalada's report indicates that claimant complained of weakness in his right arm and shoulder and pain in his lower back and right leg. His report related the cause of claimant's symptoms to the work incident; however, he thought that claimant's condition had stabilized and that he had a good prognosis. Dr. Ensalada assigned a 6% functional impairment to the shoulder injury, all of which was due to the injury, itself. He also assigned a 5% functional impairment to the back injury, half of which was attributed to the arousal of pre-existing degenerative changes and half of which was attributed to the work injury, itself.

Dr. Ensalada's report was filed by the employer on May 11, 1998, at which time the employer moved to join the Special Fund as a party to the claim. The prehearing conference was held on that same day. A memorandum of the prehearing conference indicates, among other things, that all parties were represented by counsel, that the employer's motion to join the Special Fund was granted, and that the

question of limitations was contested by the Special Fund. The hearing transcript indicates that all parties were represented by counsel and that, at the end of the hearing, the parties were directed to file briefs. The Special Fund failed to do so.

After considering the claim, the Administrative Law Judge (ALJ) determined that claimant was entitled to the TTD benefits which had been paid. After considering claimant's age and his educational and occupational history, the ALJ determined that as of November 18, 1997, he was permanently and totally disabled as a result of the 1995 accident. With regard to the question of limitations, the ALJ noted that the Special Fund had not submitted a brief outlining the basis for its argument concerning limitations. Presuming that the Special Fund had objected to joinder because the motion was not filed until more than two years after the last voluntary payment by the employer, the ALJ determined that the motion was timely on these particular facts. The ALJ concluded that although the injury to claimant's shoulder was of appreciable proportions, his restrictions were attributable to the lower back condition. For that reason, income benefits were based upon the back injury and were apportioned equally to the employer and the Special Fund. The Special Fund appealed; however, the decision was affirmed by the Workers' Compensation Board and the Court of Appeals.

In appealing to this Court, the Special Fund argues that any claim against it must be asserted within two years of the work accident or last voluntary payment of income benefits by the employer. The crux of the Special Fund's argument is that its liability no longer derives from that of the employer and that the employer and Special Fund are in the position of being codefendants in workers' compensation cases. *Palmore v. Helton*, Ky., 779 S.W.2d 196 (1989). It also argues that neither defendant bears responsibility for

the other's liability, and cites *Dickerson v. Twentieth Century Hoov–R–Line,* Ky., 893 S.W.2d 365 (1995), for the additional proposition that filing of a claim against one defendant does not equate to filing a claim against both. *See also, Leistner v. Concession Air, Inc.,* Ky., 892 S.W.2d 567 (1994). Finally, the Special Fund notes that for claims attributable to a single traumatic event, a rule of discovery does not save an otherwise untimely claim. *Coslow v. General Electric Co.,* Ky., 877 S.W.2d 611 (1994).

Claimant points out that the employer did not have Dr. Ensalada evaluate him until April 14, 1998, at which point the two-year period of limitations had already expired. It was Dr. Ensalada who gave the first testimony concerning the arousal of a pre-existing, dormant degenerative condition. Claimant asserts that KRS 342.120(2) is the only statute which addresses joinder of the Special Fund and that it provides only that the Special Fund must be joined "as soon as practicable." He also asserts that none of the cases to which the Special Fund refers is factually consistent with the instant case and that none involved an original claim in which the first evidence of possible Special Fund liability arose after the two-year period of limitations had run.

The employer asserts that KRS 342.120(2) requires the ALJ to join the Special Fund where there is medical evidence to support joinder if the Special Fund is named as soon as practicable. Other arguments were not raised below and, therefore, will not be considered by this Court.

In *Palmore v. Helton,* a worker and employer reached a pre-award settlement in which the Special Fund was invited but refused to participate. The terms of the agreement provided that the worker reserved the right to proceed separately against the Special Fund. After the agreement was approved, the Special Fund asserted, among other things, that the agreement had extinguished its liability along with the employer's because its liability derived from that of the employer. In rejecting the argument, we pointed out that since the enactment of the 1982 amendments, KRS 342.120 has required each defendant to pay its share of an award directly to the worker. We concluded that although the liability of the Special Fund might have been deemed derivative under the pre–1982 version of the Act, the 1982 amendments provided for direct liability on the part of each defendant.[1] For that reason, we determined that the worker could settle with one defendant and yet maintain an action against the other. Unlike the instant case, *Palmore v. Helton* concerned only KRS 342.120 and did not involve a limitations question.

*Dickerson v. Twentieth Century Hoov–R–Line* and *Leistner v. Concession Air* concerned a requirement of KRS 342.120(2) that the Special Fund be joined not later than 45 days before the first prehearing conference absent a showing of good cause for later joinder.[2] In each instance, the evidence upon which the motion to join the Special Fund was premised was available more than 45 days before the first prehearing conference. In both cases joinder was not sought until less than 45 days before the conference, and no good cause was shown for the delay in moving for joinder. For that reason, we concluded that the attempt to join the Special Fund was not timely pursuant to KRS

1. The 1982 amendments to KRS 342.185 changed the word "compensation" to "income benefits" when describing the type of voluntary benefits which would toll the period of limitations. They also provided that a claim must be filed within two years following the suspension of voluntary payments rather than within one year.

2. Effective April 4, 1994, KRS 342.120(2) was amended, and the words "as soon as practicable" were substituted for the 45–day requirement. It is the April 4, 1994, version which applies to the instant claim.

342.120(2). In *Leistner v. Concession Air,* we explained that the purpose of KRS 342.120(2) was to afford the Special Fund sufficient time in which to prepare an adequate defense.

The Special Fund asserts that *Dickerson v. Twentieth Century Hoov–R–Line* and *Leistner v. Concession Air* stand for the proposition that the filing of a claim against one defendant does not equate to the filing of a claim against both. That characterization is misleading. They are more accurately viewed as determining that where the evidence upon which joinder is sought was available within the time set forth in KRS 342.120(2), a motion to join the Special Fund after the expiration of that time must be supported by a showing of good cause. Neither case involved a question of limitations or any provision of KRS 342.185.

In *Slone v. Jason Coal Co.,* Ky., 902 S.W.2d 820 (1995), a worker moved to reopen an award in order to raise a claim which was known but not raised at the time of the initial proceeding. The two-year period of limitations had passed at that point. We determined that the timeliness of the claim must be judged in the context of whether the issue could still be raised by means of an original claim. In other words, a reopening after the two-year period of limitations had expired could not be used as a vehicle to assert a claim which arose and was known within the two-year period of limitations. KRS 342.185.

In *Brown & Williamson Tobacco Corp. v. Harper,* Ky.App., 717 S.W.2d 502 (1986), the worker sustained a partially disabling back injury for which the employer was entirely liable. More than two years after the date of accident, the worker sought to reopen the award on the ground that ongoing pain from the back condition had caused disabling psychiatric problems and that the two conditions had resulted in total disability. The employer moved to join the Special Fund to the psychiatric claim. In determining that the motion

should have been granted, the court distinguished *Yocom v. Milish,* Ky., 497 S.W.2d 702 (1973), and *Wells v. Cotton,* Ky.App., 650 S.W.2d 266 (1983). It emphasized that there was no basis to join the Special Fund in the original proceeding because none of the statutory grounds for joinder existed at the time, that proper grounds existed for granting the motion to reopen, and that joinder was sought within the time set forth in KRS 342.120(2) as it applied to the psychiatric claim.

In the instant case, a timely claim for the condition for which compensation is being sought was filed against the employer. It is undisputed that the evidence supporting joinder of the Special Fund to the claim first came to light shortly after the two-year period of limitations for filing a new claim had expired. It is also undisputed that the motion to join the Special Fund was filed "as soon as practicable" after that evidence was known. KRS 342.120(2). The question with which we are faced is whether the claim against the Special Fund is, nonetheless, barred by KRS 342.185 because joinder was not sought within two years of the last voluntary TTD payment, or whether filing a timely claim against the employer and moving to join the Special Fund "as soon as practicable" were sufficient to comply with the requirements of Chapter 342 on these facts.

Workers' compensation is a creature of statute. KRS 342.185(1) requires that an application for adjustment of a workers' compensation claim be made with the Department of Workers' Claims within two years of the date of accident. It is true that in *Coslow v. General Electric Co.* we determined that a rule of discovery did not govern the application of the two-year period of limitations set forth in KRS 342.185 to a claim for a latent injury. However, we do not view the instant case as involving a latent injury because claimant's injury was obvious from the outset. Furthermore, in the instant case, unlike *Coslow,* a claim was filed within the period of limitations. It was the evidence of possible Spe-

cial Fund liability that did not come to light until after the period of limitations had run.

■ In construing the requirements of KRS 342.120(2) and KRS 342.185 with regard to claims for injuries which occurred before December 12, 1996, we are mindful that the purposes of workers' compensation legislation include providing for medical treatment of injured workers and providing an ongoing source of income for injured workers and their families. As evidenced by KRS 342.120, the purposes of creating the Special Fund were: 1.) to protect the employer who is liable for a particular injury from also being held liable for the effects of injuries not sustained in its employ and 2.) to relieve the employer of liability for that part of the injured worker's disability which results from the arousal of a pre-existing, dormant, nondisabling condition. *See A & K Coal Co. v. Blankenship*, Ky., 708 S.W.2d 638 (1986); *Stovall v. Dal–Camp, Inc.*, Ky., 669 S.W.2d 531 (1984); *Transport Motor Express, Inc. v. Finn*, Ky., 574 S.W.2d 277 (1978). The liability assigned to the Special Fund was shared by all employers in the form of assessments on the premiums which they paid for workers' compensation insurance coverage. As a result, employers were more likely to be willing to hire and retain injured workers because they knew that they would bear the full responsibility only for that part of a worker's disability which was caused by a work-related injury, itself.

KRS 342.185 provides, in pertinent part, as follows:

(1) Except as provided in subsection (2) of this section, no proceeding under this chapter for compensation for an injury or death shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof and unless an application for adjustment of claim for compensation with respect to the injury shall have been made with the department within two (2) years after the date of the accident, or in case of

death, within two (2) years after the death, whether or not a claim has been made by the employee himself for compensation. The notice and the claim may be given or made by any person claiming to be entitled to compensation or by someone in his behalf. If payments of income benefits have been made, the filing of an application for adjustment of claim with the department within the period shall not be required, but shall become requisite within two (2) years following the suspension of payments or within two (2) years of the date of the accident, whichever is later.

KRS 342.185 addresses the notice requirement, the period of limitations, and the effect of voluntary payments in tolling the period of limitations. It is apparent that nowhere does KRS 342.185 refer to the Special Fund.

■ The purposes of the notice requirement include enabling a prompt investigation of an alleged accident, preventing the filing of fictitious claims, and obtaining prompt medical treatment in order to minimize the worker's disability and, therefore, the liability of the defendant(s). *Harlan Fuel Co. v. Burkhart*, Ky., 296 S.W.2d 722 (1956). Although it is clear that the purposes of the notice requirement apply as readily to the Special Fund's defense of a claim as to an employer's, KRS 342.185 does not require an injured worker to give notice of a work accident to the Special Fund as well as to the employer. Furthermore, the Special Fund concedes that voluntary payments made by an employer serve to toll the period of limitations as to the Special Fund as well as the employer. We recognize that *Palmore v. Helton* stands for the principle that the employer and the Special Fund are treated as codefendants for the purposes of applying KRS 342.120. However, considering: 1.) the fact that Special Fund liability arises only after a worker sustains an injury for which the employer stands to bear at least some responsibility under Chapter 342; 2.) that the purpose of the Special Fund is to relieve employers from liability for that

portion of a worker's occupational disability which is not caused by the work injury, itself; 3.) the fact that the potential for Special Fund liability can often be ascertained only after litigation is in process; and 4.) the fact that KRS 342.120(2) protects the interest of the Special Fund in having adequate time to prepare a defense, we are not persuaded that the legislature intended to treat the employer and the Special Fund as codefendants for all purposes, particularly for the purposes of KRS 342.185. We are persuaded, instead, that the filing of a timely claim against the employer precludes a limitations defense by the Special Fund.

■ In the instant case, a claim for compensation as a result of claimant's work accident was filed within two years of the last voluntary payment by the employer. There was no basis for determining that a portion of claimant's occupational disability was caused by a condition for which the Special Fund was liable until there was evidence that one of the conditions set forth in KRS 342.120 contributed to claimant's occupational disability. That did not occur until after the period of limitations had run. It is undisputed that the motion to join the Special Fund was filed as soon as practicable after the evidence was produced as is required by KRS 342.120(2). Furthermore, it is undisputed that substantial evidence supported the ALJ's decision to assign a portion of the liability for claimant's award to the Special Fund. Under those circumstances, we are persuaded that the Special Fund was precluded from asserting a limitations defense, that the motion to join the Special Fund was filed in a timely manner, and that the motion to join the Special Fund was properly granted.

The decision of the Court of Appeals is affirmed.

All concur.